2:06CV526 —

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JUN 13 P 3: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. CV 2:06CV526-PRB |
| | ) |
| DON WILLIAMS individually and in his | ) |
| capacity of the Manager of National | ) |
| Seating and Mobility, Inc., NATIONAL | ) DEMAND FOR JURY TRIAL |
| SEATING AND MOBILITY, INC., | ) |
| GERALD SHOCKLEY, individually and | ) |
| in his capacity of a special agent of the | ) |
| Alabama Attorney General's Office, and | ) |
| The ALABAMA MEDICAID AGENCY, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff, ELIZABETH HORTON, against the above-captioned Defendants and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202 and the doctrine of supplemental jurisdictional to obtain declaratory relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama and were committed within the Middle District of the State of Alabama.

3. Plaintiff, Elizabeth Horton, (hereinafter, "Plaintiff") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

4. Defendant, Don Williams was at all time pertinent hereto was the manager of the office of National Seating and Mobility, Incorporated located in Montgomery County, Alabama.

5. Defendant, National Seating and Mobility, Incorporated is a corporation during business in the State of Alabama with a location in Montgomery County, Alabama.

6. Defendant, Gerald Shockley, is to the best of Plaintiff's knowledge was at all time pertinent hereto employed as an investigator with the Alabama Attorney General's Office, is a natural person believed to be over the age of 19 years, and is a person whose conduct proximately and directly harmed Plaintiff, and is being sued individually and in his official capacity as an investigator with the Alabama Attorney General's Office

## NATURE OF PROCEEDINGS

7. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for the Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

8. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

9. On or about March 26, 2004 and ending June 26, 2004 Plaintiff was employed with National Seating and Mobility Incorporated which is located in Montgomery, Alabama and was at that time a provider with the State of Alabama Medicaid Division that provides wheelchairs and accessories for children up to the age of 18. Don Williams was the manager of National

Seating and Mobility.

10. Plaintiff's duties at National Seating and Mobility was to assured that all orders for wheel chairs and accessories received by Don Williams was correct before mailing the orders to the Alabama Medicaid Agency for prior approval.

11. To obtain a prior approval from Alabama Medicaid Agency all documents required a date, medical necessity information, a prescription, a evaluation form completed by a doctor to assure that the recipient receive their equipment within the 60 day guidelines is required by the Alabama Medicaid Agency.

12. The consequences of not properly obtaining the required information would result in the recipient to resubmit the application and would cause a payment delay to National Seating & Mobility of up to six months to a year which in return would caused Don Williams to not meet a monthly quota required by the home office of National Seating & Mobility,

13. Plaintiff became aware of many orders that did not have the required information was not on the application and informed Don Williams and his wife, and therefore she could not to verify to the Alabama Medicaid Agency whether the recipient would receive their equipment within the 60 day deadline.

14. Plaintiff was advised to place a date on the documents which plaintiff refused to do so because it would be a fraudulent act as it would not be correct.

15. Plaintiff became aware that the dates on the application was being falsifying and reported the incident to the Director of Prior Approval Department within the Alabama Medicaid Agency and to the best of her knowledge this information was reported to Defendant Gerald Shockley.

16. On or about April 15, 2005 plaintiff was interviewed by an investigator with the

Alabama Medicaid Agency who to the best of Plaintiff's knowledge reported the results of his investigation to Defendant Gerald Shockley.

17. Defendant Don Williams was questioned and he alleged that Plaintiff was lying because Plaintiff's employment was terminated and she was a friend of the Director of the Prior Approval Department within the Alabama Medicaid Agency

18. The Director was questioned by Defendant Gerald Shockley in July 2005 regarding Defendant Don Williams' statement. The Director provided Defendant Gerald Shockley with evidence to prove that Plaintiff was truthful regarding the false date.

19. Defendant Gerald Shockley did not believe the Plaintiff and caused a warrant to be issued for Plaintiff's arrest on August 2, 2005 on the charge of furnishing a false report to a law enforcement officer.

20. On or about August 5, 2005, five sheriff officers from the Montgomery Sheriff's Department went to Plaintiff's place of employment and arrested her.

21. Plaintiff was taken into custody on or about August 5, 2005 and was released on August 6, 2005 after posting bail.

22. A trial was held on September 26, 2005 in the Montgomery County District Court where Plaintiff was acquitted.

23. Plaintiff suffered stress and has been in counseling.

COUNT ONE

**DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW DENIAL OF DUE PROCESS**

24. Plaintiff incorporates all of the allegations set forth in paragraphs 1-24 including subparts, as though they were fully set forth.

25. At all times material hereto, Defendant Gerald Shockley was acting as to the best of Plaintiff's knowledge as an investigator with the Alabama Attorney General's Office.

26. Plaintiff has a protectible interest in her freedom. She further had a right under the Fourth Amendment to the United States Constitution to be secure in her person, house, papers and effects, against unreasonable searches and seizures.

27. Defendant Gerald Shockley caused Plaintiff to be detained and arrested without probable cause, but also in the face of evidence that she had done nothing wrong Defendant Gerald Shockley did so on the basis of Plaintiff's race.

28. Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments were thus impermissibly abridged and violated.

29. The aforesaid conduct proximately caused damage to Plaintiff in that it caused her to suffer pain, suffering, embarrassment, humiliation, extreme mental anguish, and severe emotional distress, loss of time, and loss of income.

## COUNT TWO

## FALSE ARREST  FALSE IMPRISONMENT

30. Plaintiff incorporates all of the allegations set forth in paragraphs 1-24 including subparts, as though they were fully set forth.

31. Defendant Gerald Shockley caused Plaintiff to be detained with neither reasonable suspicion nor probable cause to do so.

32. Plaintiff was falsely arrested and falsely imprisoned by because of the conduct of the Defendants.

33. She has been damaged thereby.

## COUNT THREE

## MALICIOUS PROSECUTION

34. Plaintiff incorporates all of the allegations set forth in paragraphs 1-24 including subparts, as though they were fully set forth.

35. Defendant Don Williams in conjunction with Defendant Gerald Shockley caused Plaintiff to be subjected to a criminal proceeding whose sole basis was the now proven false statement of Defendant Don Williams.

36. There was no probable cause for the criminal proceeding as against Plaintiff.

37. Defendant Gerald Shockley acted out of malice or under such circumstances, including lack of probable cause, as would imply malice.

38. The criminal proceedings were terminated in Plaintiff's favor.

39. Plaintiff has been damaged in that she has been subjected to pain, suffering, loss of liberty, emotional distress, mental anguish, embarrassment, humiliation, loss of time and loss of income.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, the Plaintiff prays for relief as follows:

(a) Enter a judgment that the Defendants' actions against Plaintiff were unlawful and violative of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC § 1983;

(b) Grant Compensatory damages as against all Defendants of $300,000.00 or greater;

(c) Grant Punitive damages to Plaintiff against all Defendants in the amount of $300,000.00 or more;

(d) Grant Plaintiff the cost of this action including reasonable attorney's fees;

(e) Grand such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

Respectfully Submitted,

*/s/ Deborah M. Nickson*
Deborah M. Nickson
Attorney for Petitioner
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116
334-213-1233

**TRIAL BY STRUCK JURY DEMANDED**