## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH HORTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DON WILLIAMS, individually and** | ) | |
| **in his capacity as the Manager of** | ) | |
| **National Seating and Mobility, Inc.,** | ) | **CIVIL ACTION NUMBER:** |
| **NATIONAL SEATING AND** | ) | **2:06cv526-DRB** |
| **MOBILITY, INC., GERALD** | ) | |
| **SHOCKLEY, individually and in his** | ) | |
| **capacity of a special agent of the** | ) | |
| **Alabama Attorney General's Office,** | ) | |
| **and The ALABAMA MEDICAID** | ) | |
| **AGENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT NATIONAL SEATING AND MOBILITY, INC.'S MOTION
## TO DISMISS, OR IN THE ALTERNATIVE,
## MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendant National Seating and Mobility, Inc. ("NSM") moves the Court to dismiss the Complaint against NSM for failure to state a claim upon which relief can be granted, or, in the alternative, order Plaintiff Elizabeth Horton to more definitely state her claims against NSM. In support of this motion, NSM respectfully states as follows:

1

1.     Plaintiff commenced this action on June 13, 2006 in the Middle District of Alabama. *See* Compl. The Complaint names as defendants: (1) "Don Williams, individually and in his capacity of [sic] the Manager of National Seating and Mobility, Inc.;" (2) "National Seating and Mobility, Inc.;" (3) "Gerald Shockley, individually and in his capacity of [sic] a special agent of the Alabama Attorney General's Office;" and (4) "the Alabama Medicaid Agency." *See id.*

2.     The Complaint purports to state claims for: (1) "deprivation of civil rights under color of state law [sic] denial of due process;" (2) "false arrest [sic] false imprisonment;" and (3) "malicious prosecution." *See generally* Compl.

3.     For the alleged wrong stated in Count One, Plaintiff seeks relief under 42 U.S.C. § 1983. *See id.* Thus, Plaintiff purports to invoke federal question jurisdiction over this claim. *See id.* She has also invoked the theory of supplemental jurisdiction over her claims for "false arrest false imprisonment" and malicious prosecution. *See* Compl. ¶ 1.

4.     With jurisdiction over the 42 U.S.C. § 1983 claim, courts with federal question jurisdiction also have jurisdiction to adjudicate state law claims that arise out of "a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). However, a district court is not bound to hear state law claims when original federal question jurisdiction fails. *See* 28 U.S.C. § 1367.

5.    Thus, if Plaintiff can not state a federal question against NSM, this Court may decline to hear all claims purportedly brought against NSM.

6.    To establish a *prima facie* case under 42 U.S.C. § 1983, the Plaintiff must allege two elements: (1) the action occurred "under color of law;" and (2) the action is a deprivation of a constitutional right or a federal statutory right.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also American Mfr's Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

7.    It is well settled law that no liability can attach under Section 1983 unless conduct has occurred "under color of law."  *See Keeling v. Schaefer*, 181 F.Supp.2d 1206, 1226 (D. Kansas 2001), *citing Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (internal citations omitted).  "As such, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the 'under color of' element and therefore no section 1983 liability exists."  *See Keeling,* 181 F.Supp.2d at 1226, *citing Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294-96 (2001).

8.    If the claimed Section 1983 action is allegedly committed by a person that does not work for the government, the "under color of law" inquiry focuses on whether the private actor has conspired with the state actor to deprive an individual of a federal right.  *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (holding that

3

private parties who corruptly conspired with a state judge acted "under color of law"). Alternatively, the involvement of a private actor may implicate Section 1983 if the private actor works as an agent of the state. *See Adickes v. Kress & Co.,* 398 U.S. 144, 152 (1970) (stating that state action is "under color" if the private actor is a "willful participant in joint activity with the State or its agents"). Thus, the conduct allegedly causing the deprivation of the federal right must always be fairly attributable to the State. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

9. Plaintiff's attempt to present a federal question under 42 U.S.C. § 1983 is contained in Count One of her Complaint titled "Deprivation of Civil Rights Under Color of State Law Denial of Due Process." Compl. Count One.

10. In pertinent part, Count One of the Complaint asserts:

    (1)    "Plaintiff incorporates all of the allegations set forth in paragraphs 1-24 including subparts, as though they were fully set forth;" (Compl. ¶ 24)

    (2)    "At all times material hereto, Defendant Gerald Shockley was acting as to the best of Plaintiff's knowledge as an investigator with the Alabama Attorney General's Office;" (Compl. ¶ 25) and

    (3)    "Defendant Gerald Shockley caused Plaintiff to be detained and arrested without probable cause, but also in the face of evidence that she had done nothing wrong Defendant Gerald Shockley did so on the basis of Plaintiff's race." (Compl. ¶ 27.)

No where in the paragraphs of Count One of the Complaint does Plaintiff clearly set forth a Section 1983 claim against NSM.

11.    In Count Three of the Complaint, Plaintiff attempts to state a claim for malicious prosecution.  In pertinent part, Plaintiff asserts:

(1)    "Defendant Don Williams *in conjunction with* Defendant Gerald Shockley caused Plaintiff to be subjected to a criminal proceeding whose sole basis was the now proven false statement of Defendant Don Williams;"    (Compl. ¶ 35) (emphasis added) and

(2)    "Plaintiff incorporates all of the allegations set forth in paragraphs 1-24 including subparts, as though they were fully set forth."  (Compl. ¶ 34.)

12.    Paragraphs 1-23 of Plaintiff's Complaint set forth the alleged facts. Paragraph 24 of Plaintiff's Complaint is the first paragraph of Plaintiff's Count One, "Deprivation of Civil Rights Under Color of State Law Denial of Due Process."    That paragraph merely states: "Plaintiff incorporates all of the allegations set forth in paragraphs 1-24 including subparts, as though they were fully set forth."  (Compl. ¶ 24.)

13.    Thus, it is unclear whether the Plaintiff's Complaint purports to assert a Section 1983 claim against NSM.   Furthermore, no where does Plaintiff complain of any direct actions of NSM.   Rather, Plaintiff seemingly suggests that NSM should be held liable for the actions of Defendant Don Williams on the theory of *respondeat superior*.  (*See* Compl. ¶ 4, stating that "Defendant, Don

Williams was at all time [sic] pertinent hereto was the Manager of the office of National Seating and Mobility, Incorporated located in Montgomery, Alabama.")

14.    Plaintiff's potential reliance on the theory of *respondeat superior* is misplaced.  The weight of authority finds that private employers in Section 1983 actions can not be held liable on such a theory.  In *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658 (1978), the Supreme Court held that a municipal corporation can not be saddled with Section 1983 liability via *respondeat superior* alone.  Most courts see the *Monell* holding as equally applicable to the liability of private corporations.[1]  *See Powell v. ShopCo Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982).  *See also Rojas v. Alexander's Dep't. Store, Inc.,* 924 F.2d 406, 408 (2nd Cir. 1990) (holding that "private employers are not liable under § 1983 for the constitutional torts of their employees . . . unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort"); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) ("Initially, it is clear that [defendant's] liability may not be based merely on the employer-

---

[1] The rationale for extending the *Monell* decision to private employers is stated succinctly in *Powell*:

> Two aspects of *Monell* exact [the conclusion of no section 1983 liability via *respondeat superior* alone].  The Court found section 1983 evincing a Congressional intention to exclude the imposition of vicarious answerability.  For a third party to be liable the statute demands of the plaintiff proof that the former "caused" the deprivation of his Federal rights.  Continuing, the Court observed that the policy considerations underpinning the doctrine of *respondeat superior* insufficient to warrant integration of that doctrine into the statute.  No element of the Court's ratio decidendi lends support for distinguishing the case of a private corporation.

*Powell*, 678 F.2d at 506.

employee relationship between it and the store detective. 'Section 1983 will not support a claim based on a *respondeat superior* theory of liability' . . . just as a municipal corporation is not vicariously liable upon a theory of *respondeat superior* for the constitutional torts of its employees . . . a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"); *Fisk v. Letterman*, 401 F.Supp.2d 362, 375 (S.D. N.Y. 2005) (holding that private employers are not vicariously liable under § 1983 upon a theory of *respondeat superior* for the constitutional torts of their employees).

15.    If Plaintiff does purport to hold NSM liable for the actions of Defendant Don Williams, she can only do so by proving that "action pursuant to official . . . policy of some nature caused a constitutional tort." *See Fisk*, 401 F.Supp.2d at 375, *citing Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff's Complaint does not even hint at an allegation such as this. *See generally* Compl.

16.    If in fact Plaintiff has attempted to state a Section 1983 claim against the private actor NSM, and if Plaintiff is somehow able to convince the Court that NSM can be liable based on *respondeat superior*, Plaintiff has yet another hurdle to jump. She must show that NSM and Don Williams acted together in a civil conspiracy to deprive her of her Constitutional rights. (*See* Compl. ¶ 35) (asserting

7

that Defendant Don Williams worked "in conjunction with" Defendant Gerald Shockley).

17.    However, Plaintiff has unquestionably failed to plead this claim with the particularity required by well-settled law. "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; *the pleadings must specifically present facts tending to show agreement and concerted action.*"[2]  *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (emphasis added), *citing Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  That is, the Plaintiff must have facts alleging that the private actor and at least one of the state defendants "shared a common, unconstitutional goal." *Keeling,* 181 F.Supp.2d at 1231, *citing Anaya v. Crossroads Managed Care Sys., Inc.,* 195 F.3d 584, 596 (10th Cir. 1999); *see also Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (holding that the Complaint failed to state any factual basis to support the conspiracy charge despite the fact that "we consistently require the claimant to state specific facts, not merely conclusory allegations") and *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Sooner* and holding that "the naked assertion of a conspiracy between

---

[2] The *Scott* case goes on to explain: "We have continued to apply this heightened pleading requirement to § 1983 claims alleging a conspiracy between private individuals and state officials even after *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993), in which the Supreme Court declined to apply a heightened pleading standard to § 1983 claims against municipalities."  *Scott*, 216 F.3d at 907.

a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a Section 1983 action").

18.    No where in the factual allegation portion of her Complaint does Plaintiff "present facts tending to show agreement and concerted action." *Scott*, 216 F.3d at 907.  The facts set forth in paragraphs 8 through 23 of the Complaint merely assert, in pertinent part, that:

(1)    NSM is a "provider with the State of Alabama Medicaid Division that provides wheelchairs and accessories for children up to the age of 18" (Compl. ¶ 9);

(2)    "Plaintiff became aware that the dates on the application was being falsifying [sic] and reported the incident to the Director of Prior Approval Department within the Alabama Medicaid Agency and to the best of her knowledge this information was reported to Defendant Gerald Shockley" (Compl. ¶ 15);

(3)    "Defendant Don Williams was questioned and the alleged [sic] that Plaintiff was lying because Plaintiff's employment was terminated and she was a friend of the Director of the Prior Approval Department within the Alabama Medicaid Agency" (Compl. ¶ 17);

(4)    "Defendant Gerald Shockley did not believe the Plaintiff and caused a warrant to be issued for Plaintiff's arrest on August 2, 2005 on the charge of furnishing a false report to a law enforcement officer" (Compl. ¶ 19); and

(5)    "On or about August 5, 2005, five sheriff officers from the Montgomery Sheriff's Department went to Plaintiff's place of employment and arrested her."  (*See* Compl. ¶ 20.)

These allegations are clearly insufficient to show "agreement and concerted action." *Scott,* 216 F.3d at 907.

1/1467397.1

19.     If Plaintiff does purport to assert a Section 1983 claim against NSM, that claim is due to be dismissed in its entirety because amendment of the Complaint would be futile.  *See Sooner Prods. Co. v. McBride*, 708 F.2d 510 (10th Cir. 1983) (stating that "one of the reasons which will justify denial of leave to amend is 'futility of amendment'") (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Scott*, 216 F.3d at 908 (holding that "as pleaded, the allegations of conspiracy against [defendants] are wholly conclusory [and] because such allegations would not survive dismissal, amendment would have been futile and leave to amend was properly denied") (internal citations omitted).  It is beyond doubt that Plaintiff can provide no set of facts that would entitle her to relief.  *See Apel v. Hall*, 2006 WL 155372, No. 3:06cv139, at *1, *citing Brown v. Budget Rent-A-Car Sys., Inc.,* 119 F.3d 922, 923 (11th Cir. 1997).

20.     In *Sooner*, the Tenth Circuit upheld the district court's denial of plaintiff's motion for leave to file a second amended complaint.  *See* Sooner, 708 F.2d at 512.  Although the *Sooner* plaintiff had alleged an elaborate conspiracy among numerous private defendants, he had "wholly failed to allege any action under color of state law, an essential element of a suit under 42 U.S.C. § 1983 (1976)."  *Id.*  "Nowhere does [plaintiff] allege facts tending to show that the state [actors] agreed with the private conspirators and acted in concert with them.  The second amended complaint does no more than allege that the [state actors] were

aware of and involved in the conspiracy. The only facts averred in support of that allegation are that the [state actors] ruled against [plaintiff] and one of the [state actors] retired from the bench and joined a law firm which had been involved in the state court litigation." *Id.*

21.    Plaintiff can allege no set of facts showing that NSM engaged in a civil conspiracy with a state actor. (*See generally* Compl.) Therefore, the Complaint against NSM is due to be dismissed in its entirety.

22.    However, should this Court, for whatever reason, decide not to dismiss the claims against NSM on the basis of futility, Plaintiff should be ordered to more definitely state her claims against NSM pursuant to FED. R. CIV. P. 12(e). In its entirety, Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

23.    The problems with the Complaint which are set forth above clearly implicate Rule 12(e). Because the pleading is "so vague or ambiguous that [NSM] cannot reasonably be required to frame a responsive pleading," *see Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001), Plaintiff should at minimum be

ordered, in accordance with Rule 12(e), to re-plead her allegations, if she can do so within the constraints of FED. R. CIV. P. 11[3] (*see id.* at 1132-33).  In accordance with Rule 12(e), NSM specifically requests that Plaintiff at minimum cure the following deficiencies:

    (1)    That Plaintiff clarify whether NSM is being sued under Section 1983 of the Civil Rights Act;

    (2)    That, if NSM is in fact being sued for violations of Section 1983, Plaintiff allege with clarity the theory of liability under which she contends holds NSM liable for such violation; and

    (3)    That, if NSM is in fact being sued for violations of Section 1983, Plaintiff present facts tending to show agreement and concerted action between NSM and a state actor.

    WHEREFORE, premises considered, defendant National Seating & Mobility, Inc., respectfully moves this Court to dismiss the Complaint against NSM for failure to state a claim upon which relief can be granted, or, in the alternative, order Plaintiff Elizabeth Horton to more definitely state her claims against NSM.

---

[3] Rule 11 provides that attorneys, law firms, and parties may be sanctioned for presenting allegations to the Court without proper evidentiary support or other frivolous allegations.  FED. R. CIV. P. 11.

s/ Charles A. Stewart III

Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

s/Laura D. Taaffe

Laura D. Taaffe (TAA001)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

**Attorneys for Defendant
National Seating & Mobility, Inc.**

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Deborah M. Nickson
>Attorney for Petitioner
>2820 Fairlane Drive, Suite A-10
>Montgomery, Alabama 36116

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None.

>s/ Charles A. Stewart III
>Charles A. Stewart III
>One of the Attorneys for Defendant
>National Seating & Mobility, Inc.
>Bradley Arant Rose & White LLP
>The Alabama Center for Commerce
>401 Adams Avenue, Suite 780
>Montgomery, AL 36104

1/1467397.1