IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 02:06-CV-00526-MHT-DRB |
| DON WILLIAMS, et al., | ) ) ) |
| Defendants. | ) |

## MOTION TO DISMISS DON WILLIAMS

Comes now defendant Don Williams pursuant to Rule of Civil Procedure 12(b)(6) and moves the Court to dismiss the complaint against him and as grounds shows the following:

1. The complaint, *doc. no. 1*, alleges three counts denominated as follows: "Deprivation of Civil Rights Under Color of State Law Denial of Due Process," "False Arrest False Imprisonment," and "Malicious Prosecution."

2. The first two counts plainly are directed at another defendant. Although each count incorporates by reference all preceding paragraphs of the complaint, and thus incorporates paragraphs in the factual allegations that are about Mr. Williams, no specific allegation is made within these two counts involving Mr. Williams. These counts are due to be dismissed as to Mr. Williams.

3. In the third count, plaintiff alleges in paragraph 35 that:

Defendant Don Williams in conjunction with Defendant Gerald Shockley caused Plaintiff to be subjected to a criminal proceeding whose sole basis was the now proven false statement of Defendant Don Williams.

This is the only allegation specific to Mr. Williams in this count.

4. The elements of the tort of malicious prosecution are:

170290.1

(a) a judicial proceeding initiated by the defendant;

(b) the lack of probable cause;

(c) malice on the part of the defendant;

(d) termination of the proceeding in favor of the plaintiff; and

(e) damage to the plaintiff as a result.

*See Lumpkin v. Cofield*, 536 So. 2d 62, 64 (Ala. 1988); *see also* Michael L. Roberts and Gregory S. Cusimano, *Alabama Tort Law*, § 27.0 at 912 (2d ed. 1992).

5. Plaintiff has failed to allege that (a) Mr. Williams initiated a proceeding against her, (b) any such proceeding lacked probable cause, and (c) Mr. Williams initiated the proceeding against her with malice.

6. Because the complaint does not make the necessary allegations to state a claim of malicious prosecution against Mr. Williams, the third count is due to be dismissed as to Mr. Williams.

7. For these reasons, the complaint is due to be dismissed with prejudice against Mr. Williams.

Respectfully submitted this 27th day of July, 2006.

s/Dorman Walker
Attorney for Defendant Don Williams

OF COUNSEL:
Dorman Walker (WAL086)
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101
334/269-3138
866/736-3854 (fax)
dwalker@balch.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

Deborah Moore Nickson
2820 Fairlane Drive
Suite A-10
Montgomery, AL  36116

Charles Andrew Stewart, III
Bradley, Arant, Rose & White, LLP
Post Office Box 1469
Montgomery, AL 36102-1469

Jack W. Wallace, Jr.
Office of the Attorney General
11 South Union Street
Montgomery, AL  36130

William O. Butler, III
Alabama Medicaid Agency
Post Office Box 5624
Montgomery, AL  36103-5624

This the 27th day of July, 2006.

            s/Dorman Walker
            Of Counsel