IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION RECEIVED

| | | |
|---|---|---|
| ELIZABETH HORTON, | ) | 2006 AUG -9 P 12: 13 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:06CV526-DRB |
| | ) | |
| DON WILLIAMS, etc, et. al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**RESPONSE TO MOTION TO DISMISS OF DEFENDANT NATIONAL**

**SEATING AND MOBILITY, INC.**

Elizabeth Horton, Plaintiff, by and through her undersigned attorney, hereby responds to the Motion to Dismiss of Defendant National Seating And Mobility, Inc., saying that the Motion should be denied because of the following:

To prevail on a § 1983 cause of action, a plaintiff must show that a wrongful act "(1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir.1992). For a defendant's actions to be under color of state law, such conduct must be "fairly attributable to the State," which in turn requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Harvey, 949 F.2d at 1130

In Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir.2001), the Eleventh Circuit noted that a private entity could qualify as a "state actor" under §1983 only if one of the following three tests is satisfied:

1. A "state compulsion test," wherein the state has coerced or significantly encouraged the violative conduct.

2. A "public function test," wherein private parties perform a public function that is traditionally the exclusive prerogative of the state.

3. A "nexus/joint action test," wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise.

Under the nexus/joint action test, "the governmental body and private party must be intertwined in a 'symbiotic relationship.' " Rayburn, 241 F.3d at 1348. As further noted in Rayburn, "the symbiotic relationship must involve the specific conduct of which the plaintiff complains." Id. In this case, the state and an employee of National Seating And Mobility, Inc. concerted action in disregarding clear evidence resulted in the arrest without probable cause of plaintiff.

As averred in her complaint plaintiff was charged, indicted on a criminal charge even though there was substantial evidence that plaintiff did not commit the offense for which she later acquitted. It is undisputed that co-defendant Gerald Shockley had a business relationship with defendant, and the continuation of that business relationship depended on the sale of certain equipment. Defendant has not shown in its motion that no relief could be granted under any set of facts that could be proved consistent with the allegations raised in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon, 467 U.S. at 73. In addition, the Supreme Court has made abundantly clear, Federal Rules of Civil Procedure, Rule 8(a) "do [es] not require a

claimant to set out in detail the facts upon which he bases his claim." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (internal quotes omitted). The simplified notice pleading standard of Rule 8(a) (2)] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Finally, the deficiencies if any in the complaint can be cured by allowing plaintiff to amend her complaint.

Based on the above defendant's Motion to Dismiss should be denied.

Respectfully Submitted,

Deborah M. Nickson (NIC025)
Attorney for Petitioners
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116
334-213-1233

CERTIFICATE OF SERVICE

I hereby certify that On August 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

Charles A. Stewart, III
Bradley, Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue
Montgomery, Alabama 36104

Dorman Walker
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101

Laura Taaffe
Bradley, Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

William O. Butler
Deputy Attorney General
Alabama Medicaid Agency
Post Office Box 5624
Montgomery, Alabama 36103-5624

Jack W. Wallace, Jr.
Attorney for Defendant Gerald Shockley
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

_/s/ Deborah M. N_____
Deborah M. Nickson