IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) 2006 AUG -9 P 12: 13 |
| PLAINTIFF, | ) |
| vs. | ) CASE NO. 3:06CV526-DRB |
| DON WILLIAMS, etc, et. al. | ) |
| DEFENDANTS. | ) |

**RESPONSE TO MOTION TO DISMISS OF DEFENDANT GERALD SHOCKLEY**

Elizabeth Horton, Plaintiff, by and through her undersigned attorney, hereby responds to the Motion to Dismiss of Defendant Gerald Shockley saying that the Motion should be denied because of the following:

1. Defendant Shockley in his first ground for dismissal do not state any law or facts in support of the ground that the complaint fails to state a cause of action for which relief can be granted. In summary, he has not presented this court with any ground to show that Ms. Horton cannot prove her allegations against him. On a motion to dismiss, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in a light most favorable to the Plaintiff. *Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991).

2. In ground 2. the defendant asserts that this Court lacks subject matter jurisdiction. As noted in paragraph 1. above, defendant offers no authority or facts in support of this ground. There we submit to the court that it should be denied.

3. In grounds 3. and 4., defendant asserts that he is entitled to the protection of sovereign

immunity, qualified immunity, and state-agent immunity. Unsurprisingly, defendant offers not a single authority in support of ground 4. concerning qualified immunity, and state-agent immunity. In paragraph 18 of her complaint, plaintiff avers, "The Director was questioned by Defendant Gerald Shockley in July 2005 regarding Defendant Don Williams' statement. The Director provided Defendant Gerald Shockley with evidence to prove that Plaintiff was truthful regarding the false date." Thus, defendant Shockley had evidence from a witness that plaintiff had not committed a criminal offense, yet he proceeds with the investigation against her that resulted in criminal charges being filed against plaintiff. . State employees are immune from liability when performing discretionary duties in their official capacity, *Gill v. Sewell*, 356 So. 2d 1196 (Ala. 1978), but may be subject to liability when "acting beyond the scope of his authority or acting illegally, in bad faith, or fraudulently." *St. Clair County v. Town of Riverside*, 272 Ala. 294, 128 So. 2d 333 (Ala. 1961).

Based on the above defendant's entire argument does not have merit, and therefore the Motion to Dismiss should be denied.

Respectfully Submitted,

/s/ Deborah M.
Deborah M. Nickson (NIC025)
Attorney for Petitioners
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116
334-213-1233

CERTIFICATE OF SERVICE

I hereby certify that On August 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following:

Charles A. Stewart, III
Bradley, Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue
Montgomery, Alabama 36104

Dorman Walker
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101

Jack W. Wallace, Jr.
Attorney for Defendant Gerald Shockley
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

Laura Taaffe
Bradley, Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

William O. Butler
Deputy Attorney General
Alabama Medicaid Agency
Post Office Box 5624
Montgomery, Alabama 36103-5624

/s/ Deborah M. Nickson
Deborah M. Nickson