IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO: 2:06CV526-MHT |
| | ) |
| DON WILLIAMS, et al, | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT ALABAMA MEDICAID AGENCY'S
### BRIEF IN SUPPORT OF MOTION TO DISMISS

Comes now Defendant Alabama Medicaid Agency ("Medicaid") and files this brief in support of the Motion to Dismiss.

### FAILURE TO STATE A CLAIM UPON
### WHICH RELIEF CAN BE GRANTED

The Complaint states no genuine issue of material fact against Medicaid. The initial complaint names Medicaid in the style of the case as a defendant; however, in the body of the Complaint, under "Jurisdiction and Venue", Plaintiff identifies all defendants in numbers 4 through 6 except Medicaid. Plaintiff states that she was interviewed by an investigator for Medicaid but fails to state the name of the investigator and she does not allege that Medicaid or

the investigator took any active role in the alleged wrongdoing against her. She alleges that she was deprived of her civil rights under color of state law, denied due process, false arrest, false imprisonment and malicious prosecution. However, she never identifies Medicaid as participating in any of the alleged offenses and has stated no claim against Medicaid.

*The Federal Rules of Civil Procedure (FRCP)*, Rule 8(a) requires that a complaint state the claim(s), the relief sought and some showing that the pleader is entitled to relief. Although the Complaint includes various claims, they are all directed at other named defendants. Plaintiff has failed to plead any alleged violation of her constitutional rights by Medicaid.

*FRCP* Rule 12(b)(6) provides a means through which a defendant may present a motion for dismissal of a complaint when the complaint is void of a claim upon which relief can be granted.

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> …..(6) failure to state a claim upon which relief can be granted".

Plaintiff has failed to state a claim upon which relief can be granted because she has failed to state a claim against Medicaid <u>at all</u>. If however, Plaintiff's claim is based on the Office of Attorney General investigator questioning her concerning the report she made to Medicaid, there is no set of facts she could prove upon which any relief could be granted against Medicaid. The facts already alleged by the Complaint establish that Medicaid did not take any action for which Plaintiff would be entitled to relief.

2

The appropriate standard of review of a ruling on motion to dismiss for failure to state a claim is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. *FRCP* Rule 12(b)(6).   Medicaid contends that even if the allegations are viewed most strongly in the pleader's favor, the pleader cannot prove any set of circumstances that would entitle her to relief from Medicaid.

While Medicaid recognizes that dismissal for failure to state a claim upon which relief can be granted is largely disfavored, it is appropriate when Plaintiff can prove no set of facts which would entitle her to relief.  There is no doubt that there is no relief to be granted against the defendant and thus dismissal would be proper.  *Bunke v. Alabama Board of Nursing*, 871 F. Supp. 1437 (M.D. Ala. 1994).

## **IMMUNITY**

No employee of Medicaid is named as a defendant; merely the agency itself is named. Medicaid, as an agency of the State of Alabama, is entitled to the protections of sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution and § 14 of the Alabama Constitution of 1901 which provides the State of Alabama and its agencies "absolute" immunity from suit in any court.  *Ex parte Mobile County Department of Human Resources*, 815 So. 2d 527, 530 (Ala. 2001) citing *Ex parte Franklin County Department of Human Resources,* 674 So. 2d 1277, 1279 (Ala. 1996).

In the event that Plaintiff amends her complaint and identifies a specific Medicaid employee/officer in his/her official capacity as a defendant, it should be noted that "an action suing State employees in their official capacities is considered a complaint against the State, and is also barred by *§ 14 of the Alabama Constitution.  See, Ex parte Mobile County Department of Human Resources*, 815 So. 2d at 530 citing *Ex parte Alabama Department of Forensic Sciences*, 709 So. 2d 455, 457 (Ala. 1997).

The protection afforded to Medicaid by this section certainly cannot be overcome when a plaintiff has stated no claim against Medicaid.

**WHEREFORE,** premises considered, Medicaid respectfully requests this Court to dismiss the Complaint against the Alabama Medicaid Agency based on the grounds stated above.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL


/s/William O. Butler, III
William O. Butler (BUT015)
Deputy Attorney General
Alabama Medicaid Agency
501 Dexter Avenue
P.O. Box 5624
Montgomery, Alabama  36103-5624
Telephone: 334-242-5740
Facsimile: 334-353-3907

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have, this the 21st day of August, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will send notification of this filing to the following:

Deborah M. Nickson
Attorney for Plaintiff
2820 Fairlane Drive, Suite A-10
Montgomery, AL  36116

Charles Andrew Stewart, III
Attorney for Defendant, National Seating and Mobility, Inc.
Brantley, Arant, Rose & White, LLP
P.O. Box 1469
Montgomery, AL  36102-1469

Jack W. Wallace, Jr.
Attorney for Defendant, Gerald Shockley
Office of the Attorney General
11 South Union Street
Montgomery, AL  36130

Dorman Walker
Attorney for Defendant Don Williams
Balch & Bingham LLP
P.O. Box 78
Montgomery, AL  36101

                              /s/William O. Butler, III