IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ELIZABETH HORTON,

    Plaintiff

v.                                  Case No 2:06 CV 526 - DBB

DON WILLIAMS, ET AL,

    Defendants

### BRIEF IN SUPPORT OF MOTION TO DISMISS
### BY DEFENDANT SHOCKLEY

Comes now Defendant Gerald Shockley, by and through counsel, Troy King, Attorney General of the State of Alabama, to submit this brief in support of his motion to dismiss.

### STATEMENT OF FACTS ALLEGED IN COMPLAINT

The Plaintiff alleges in her complaint that she was an employee of National Seating and Mobility, Inc., a company that provides wheelchairs to children who are covered by the Alabama Medicaid Agency. Defendant Don Williams was the manager of the company. (Para. 9). The Plaintiff's duties included the verification of the orders for wheelchairs and the documents necessary for the Alabama Medicaid Agency to pre-approve an application for the furnishing of a wheelchair to a child. A mistake in the order or documents supporting the order, or failing to submit all of the documentation required by the Alabama Medicaid Agency would cause National Seating and Mobility, Inc., to have to resubmit the application for approval, resulting in a delay of six months to

a year in the payment to the company for the wheelchair that it provided to the child. Delays in payment would cause Defendant Williams to fail to make his sales quotas. (Para. 10, 11, 12).

The Alabama Medicaid Agency requires that wheelchairs be furnished by National Seating and Mobility to the patient within a period of sixty days. (Para. 11, 13). During her employment the Plaintiff became aware that many orders and the documentation supporting the application for pre-approval by the Alabama Medicaid Agency were lacking all of the information required for approval and therefore the Plaintiff was unable to verify to the Alabama Medicaid Agency that the patient would receive the wheelchair within the sixty day deadline. Defendant Williams directed the Plaintiff to place a fraudulent date upon the application so that it would appear that the sixty day deadline was met. The Plaintiff refused to place said fraudulent dates upon the applications but learned that many applications contained false dates so that it appeared that National Seating and Mobility, Inc., was complying with the sixty day deadline when it was in fact not complying. The Plaintiff notified the person at the Alabama Medicaid Agency who was the director of the prior approval process of the fraud that she had discovered. (Para. 13. 14, 15).

As a result of the Plaintiff's reporting of the fraud, an investigation was initiated and the Plaintiff was interviewed by an investigator on April 15, 2005. The results of the interview and others were furnished to the Defendant Gerald Shockley who is employed by the Alabama Attorney General's Office as an investigator. (Para 6, 16). Defendant Williams was interviewed during the investigation and he told the investigator that the Plaintiff was lying about the alleged fraud. The Plaintiff had been terminated by National

Seating and Mobility, Inc. and the Plaintiff was friends with the person at the Alabama Medicaid Agency to whom she had reported the alleged fraud, the director of the prior approval process for the Alabama Medicaid Agency. (Para. 16, 17).

As part of the investigation Defendant Shockley interviewed the person at the Alabama Medicaid Agency who received the allegation from the Plaintiff. During this interview evidence of the truth of the Plaintiff's allegation was given to Shockley by the director of the prior approval process. (Para 18).

Defendant Shockley did not believe the Plaintiff was being truthful and caused an arrest warrant to be issued for the Plaintiff for the offense of furnishing a false report to a law enforcement officer. (Para 19). The Plaintiff was arrested on 5 August 2005, released on bond on 6 August 2005. Upon a trial of her case on 26 September 2005 in the Montgomery County District Court, the Plaintiff was acquitted. (Para. 20, 21, 22).

Defendant Shockley is sued in his individual capacity and in his official capacity as an investigator or agent of the Alabama Attorney General's Office. (Para. 6).

### ARGUMENT

The Plaintiff brought this action pursuant to 42 U.S.C. § 1983 seeking redress for alleged violations of her constitutional rights to be free of unreasonable searches and seizures pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The Defendant filed a motion to dismiss based, inter alia, upon a failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P 12(b)(6), sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution and Article I, Section 14 of the Alabama Constitution of 1901, and Qualified Immunity as well as State-Agent or Discretionary Function Immunity.

**Standard of Review**

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ⋯ [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and reasonable inferences drawn from those facts, and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73; *see also Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir.1992). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985). However, in cases brought under 42 U.S.C. § 1983 when qualified immunity is an issue, the threshold is high. *See Marsh v. Butler County,* 268 F.3d 1014 (11th Cir.2001), *implicitly modified by Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *see also GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1369 (11th Cir.1998) ("A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity.").

**Eleventh Amendment Immunity**

Defendant Shockley is sued in his official capacity as an investigator or agent of the Attorney General's Office of the State of Alabama. The law is well settled that "a state official may not be sued in his official capacity unless the state has waived its

Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida,* [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence,* 916 F.2d 1521, 1525 (11th Cir.1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County,* 116 F.3d 1419, 1429 (11th Cir.1997).

## **CONCLUSION**

Defendant Shockley respectfully submits that the claim against him in his official capacity is barred by the Eleventh Amendment and by Article I, Section 14 of the Alabama Constitution of 1901 and is due to be dismissed.

Respectfully submitted on this the 21st day of August, 2006.

>TROY KING
>ATTORNEY GENERAL
>
>/s/ Jack Wallace, Jr.
>Jack Wallace, Jr.
>Assistant Attorney General

Address of Counsel:

Office of the Attorney General
11 South Union Street
Montgomery, AL  36130
334.353.8671
JWallace@AGO.state.al.us

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 21st day of August, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF. The Clerk of Court using the CM/ECF system will send notification of this filing to the following:

Deborah M. Nickson
Attorney for Plaintiff
2820 Fairlane Drive, Suite A-10
Montgomery, AL  36116

Charles Andrew Stewart, III
Bradley, Arant, Rose & White, LLP
Post Office Box 1469
Montgomery, AL 36102-1469

William O. Butler, III
Alabama Medicaid Agency
Post Office Box 5624
Montgomery, AL 36103-5624

Dorman Walker
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101

/s/ Jack Wallace, Jr.