IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ELIZABETH HORTON** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DON WILLIAMS, individually** )<br>**and in his capacity as the** )<br>**Manager of National Seating and** )<br>**Mobility, Inc., NATIONAL** )<br>**SEATING AND MOBILITY,** )<br>**INC., GERALD SHOCKLEY,** )<br>**individually and in his capacity of** )<br>**a special agent of the Alabama** )<br>**Attorney General's Office, and** )<br>**The ALABAMA MEDICAID** )<br>**AGENCY,** )<br>)<br>Defendant. ) | **CIVIL ACTION NUMBER:**<br>**2:06-cv-526-MHT-DRB** |

## DEFENDANT NATIONAL SEATING AND MOBILITY, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendant National Seating and Mobility, Inc. ("NSM") moved the Court to dismiss the Complaint against NSM for failure to state a claim upon which relief can be granted, or, in the alternative, order Plaintiff Elizabeth Horton to more definitely state her claims against NSM ("NSM's

Motion to Dismiss"). In reply to Plaintiff's response to that motion and in further support of it, NSM respectfully states as follows:

1. On July 10, 2006, NSM filed a twelve page motion to dismiss providing extensive support for its argument that Plaintiff cannot establish a *prima facie* case under 42 U.S.C. § 1983 and, thus, has failed to state a claim upon which relief can be granted. *See* NSM's Motion to Dismiss.

2. Plaintiff's Response to Motion to Dismiss of Defendant National Seating and Mobility, Inc. ("Plaintiff's Response") fails to address the vast majority of NSM's arguments, apparently conceding that she cannot refute the legal and factual arguments made by NSM. *See* Plaintiff's Response; NSM's Motion to Dismiss ¶¶ 6-15.

3. Rather than attempting to overcome NSM's bases for its motion (for example, the fact that any reliance on a *respondeat superior* theory fails to establish Plaintiff's Section 1983 claim against NSM), Plaintiff's Response, like her Complaint, merely relies on wholly conclusory allegations without providing any specific factual evidence or support. *See* Plaintiff's Response.

4. A plaintiff in a Section 1983 action who is attempting to establish "state action" by arguing that state officials acted in concert or conspiracy with private defendants must "specifically present facts tending

2

to show agreement and concerted action." *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000). "[M]ere conclusory allegations with no supporting factual averments are insufficient." *Id.* No where in the factual allegation portion of Plaintiff's Complaint or in Plaintiff's Response does she allege any specific facts showing any alleged concerted action between NSM and Defendant Gerald Shockley or any other state agency or employee. *See* Compl. ¶¶ 8-23; Plaintiff's Response.

     5.    The only argument Plaintiff even attempts to make in her Response is that NSM qualifies as a "state actor" under the "nexus/joint action test." *See* Plaintiff's Response. However, Plaintiff's **only** support for this argument is her statement: "It is undisputed that co-defendant Gerald Shockley had a business relationship with defendant, and the continuation of that business relationship depended on the sale of certain equipment." *See id*. This statement is wholly conclusory and is not supported by a single factual allegation. *See id.*

     6.    Unquestionably, Plaintiff has failed to plead her Section 1983 claim with the particularity required by well-settled law. *See, e.g., Scott*, 216 F.3d at 907; *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (holding that the Complaint failed to state any factual basis to support the conspiracy charge despite the fact that "we consistently require the claimant to state

specific facts, not merely conclusory allegations"); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (holding that the "naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a Section 1983 action"). Thus, Plaintiff's claims are due to be dismissed.

7.  Alternatively, if this Court should decide not to dismiss Plaintiff's claims, NSM has requested that this Court order the Plaintiff to more definitely state her claims against NSM pursuant to FED. R. CIV. P. 12(e). Plaintiff's Response, like her Complaint, clearly implicates Rule 12(e) in that Plaintiff's allegations are "so vague and ambiguous that [NSM] cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e); *see Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001).

8.  Specifically, NSM is at a loss as to what Plaintiff even means when she states that "Gerald Shockley had a business relationship with [NSM]." This is especially true given Plaintiff's characterization of that "fact" as undisputed.

9.  Because Plaintiff fails to explain her statement or provide any follow-up to it, NSM is left wondering whether Plaintiff is simply referring to the fact that the Alabama Medicaid Agency and the Alabama Attorney General's Office are regulatory agencies that oversee NSM's business,

4

ignoring the usual definition of "business relationship," or whether Plaintiff is intending to shamelessly and recklessly imply that some sort of illegal or unethical relationship exists between NSM and these agencies or Gerald Shockley.

10. Accordingly, NSM requests, as an alternative to dismissal of Plaintiff's claims, that Plaintiff be ordered to amend her complaint to more definitely state her claims, and explain her conclusory allegation regarding NSM's alleged business relationship, but only if Plaintiff can do so within the constraints of FED. R. CIV. P. 11. *See Byrne*, 261 F.3d at 1132-33; FED. R. CIV. P. 11 (providing that attorneys, law firms, and parties may be sanctioned for presenting allegations to the Court without proper evidentiary support or other frivolous allegations).

WHEREFORE, premises considered, defendant National Seating & Mobility, Inc., respectfully moves this Court to dismiss the Complaint against NSM for failure to state a claim upon which relief can be granted, or, in the alternative, order Plaintiff Elizabeth Horton to more definitely state her claims against NSM and to do so within the confines of FED. R. CIV. P. 11.

Respectfully submitted,

s/Charles A. Stewart, III
Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**Attorney for Defendant
National Seating & Mobility, Inc.**

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Deborah M. Nickson
  Attorney for Petitioner
  2820 Fairlane Drive, Suite A-10
  Montgomery, Alabama 36116

  William O. Butler
  Alabama Medicaid Agency
  P.O. Box 5624
  Montgomery, AL 36103

  Dorman Walker
  Balch & Bingham
  P.O. Box 78
  Montgomery, AL 36101

  Jack W. Wallace, Jr.
  Office of the Attorney General
  11 South Union Street
  Montgomery, AL 36130

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  None.

            s/Charles A. Stewart III
            Charles A. Stewart III
            Attorney for Defendant
            National Seating & Mobility, Inc.
            Bradley Arant Rose & White LLP
            The Alabama Center for Commerce
            401 Adams Avenue, Suite 780
            Montgomery, AL 36104