IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| PLAINTIFF, | ) |
| vs. | ) CV 2:06-CV526-MHT |
| DON WILLIAMS individually and in his capacity of the Manager of National Seating and Mobility, Inc., NATIONAL SEATING AND MOBILITY, INC., and GERALD SHOCKLEY, individually and in his capacity of a special agent of the Alabama Attorney General's Office, | ) DEMAND FOR JURY TRIAL |
| DEFENDANTS. | ) |

## NOTICE OF AMENDMENT TO COMPLAINT

Comes now plaintiff by and through her attorney and pursuant to the Order of this Court dated March 29, 2007 submit the attached amended Complaint.

Respectfully submitted,

/s/ Deborah M. Nickson
Deborah M. Nickson
Attorney for Plaintiff
2820 Fairlane Drive, A-10
Montgomery, Alabama 36116
334-213-1233
debnicks@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was furnished to Thomas T. Gallion, III and Constance Walker, Haskell, Slaughter, Yong and Gallion, LLC, Attorneys at Law, P. O. Box 4660, Montgomery, Alabama 36103-4660, on this the 9th day of April, 2007.

/s/ Deborah M. Nickson
Deborah M. Nickson

N THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 APR -9 P 2: 05

| | | |
|---|---|---|
| ELIZABETH HORTON, | ) | |
| PLAINTIFF, | ) | |
| vs. | ) | CV 2:06-CV526-MHT |
| DON WILLIAMS individually and in his capacity of the Manager of National Seating and Mobility, Inc., NATIONAL SEATING AND MOBILITY, INC., and GERALD SHOCKLEY, individually and in his capacity of a special agent of the Alabama Attorney General's Office, | ) ) ) ) ) ) ) ) | DEMAND FOR JURY TRIAL |
| DEFENDANTS. | ) | |

## AMENDED COMPLAINT

COMES NOW, Plaintiff, ELIZABETH HORTON, against the above-captioned Defendants and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202 and the doctrine of supplemental jurisdictional to obtain declaratory relief and compensatory and punitive damages. Defendants violated Plaintiffs rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama and were committed within the Middle District of the State of Alabama.

3. Plaintiff, Elizabeth Horton, (hereinafter, "Plaintiff) is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

4. Defendant, Don Williams was at all time pertinent hereto was the manager of the office of National Seating and Mobility, Incorporated located in Montgomery County, Alabama.

5. Defendant, National Seating and Mobility, Incorporated is a corporation during business in the State of Alabama with a location in Montgomery County, Alabama.

6. Defendant, Gerald Shockley, is to the best of Plaintiff's knowledge was at all time pertinent hereto employed as an investigator with the Alabama Attorney General's Office, is a natural person believed to be over the age of 19 years, and is a person whose conduct proximately and directly harmed Plaintiff, and is being sued individually and in his official capacity as an investigator with the Alabama Attorney General's Office

COUNT ONE

7. Plaintiff avers that she was employed at National Seating and Mobility, Inc, office in Montgomery, Alabama from March 26, 2004 until June 26, 2004 and one of her duties were to assured that all orders for wheel chairs and accessories received by defendant Don Williams was correct before mailing the orders to the Alabama Medicaid Agency for prior approval.

8. Plaintiff avers that defendant, Gerald Shockley, was at all time pertinent to the actions taken against her employed as an investigator with the Alabama Attorney General's Office.

9. Plaintiff avers that to obtain a prior approval from Alabama Medicaid Agency all documents required a date, medical necessity information, a prescription, an evaluation form completed by a doctor to assure that the recipient receive their equipment within the 60 day guidelines is required by the Alabama Medicaid Agency.

10. Plaintiff avers that the consequences of not properly obtaining the required information from an applicant would result in the applicant having to resubmit an application, and cause a delay in payment to defendant National Seating & Mobility, Inc. of up to six months to a year which in return would caused defendant Don Williams to fail to meet a monthly quota required by defendant, National Seating & Mobility Inc.

11. Plaintiff avers that she became aware of many orders that did not have the required information and she informed defendant Don Williams and his wife of the missing information, and, and therefore she could not verify to the Alabama Medicaid Agency whether the recipient would receive his or her equipment within the 60 day deadline.

12. Plaintiff avers that she was instructed by defendant Williams to place a date on the documents, which she refused to do so because it would be a fraudulent act.

13. Plaintiff avers that she became aware that the dates on the application was being falsifying whereupon she reported this fact to the Director of Prior Approval Department within the Alabama Medicaid Agency, and to the best of her knowledge this information was reported to Defendant Gerald Shockley.

14. Plaintiff avers that on or about April 15, 2005, she was interviewed by an investigator with the Alabama Medicaid Agency who to the best of her knowledge reported the results of his investigation to defendant Gerald Shockley.

15. Plaintiff avers that defendant Williams was questioned, and he accused her of lying because her employment with National Seating and Mobility, Inc was terminated.

16. Plaintiff avers that the Director of Prior Approval Department within the Alabama Medicaid Agency was questioned by defendant Shockley in July 2005 regarding Defendant Don

Williams' statement, and the director provided defendant Shockley with evidence to prove that Plaintiff was truthful regarding the false dates on the application.

17. Plaintiff avers that on August 2, 2005 defendant Shockley caused a warrant to be issued for her arrest on the charge of furnishing a false report to a law enforcement officer.

18. Plaintiff avers that on or about August 5, 2005, five sheriff officers from the Montgomery Sheriffs Department went to her place of employment and arrested her.

19. Plaintiff avers that she was taken into custody on or about August 5, 2005 and released on August 6, 2005 after posting bail.

20. Plaintiff avers that a trial was held on September 26, 2005 in the Montgomery County District Court where she was acquitted.

21. Plaintiff avers that she has a protectible interest in her freedom. She further had a right under the Fourth Amendment to the United States Constitution to be secure in her person, house, papers and effects, against unreasonable searches and seizures.

22. Plaintiff avers that defendant Shockley caused her to be detained and arrested without probable cause, when the evidence was clear that she had not committed a criminal offense.

23. Plaintiff avers that the aforesaid conduct of defendant Shockley proximately caused damage to her in that she suffered pain, suffering, embarrassment, humiliation, extreme mental anguish, and severe emotional distress, loss of time, and loss of income.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff prays for relief as follows:

(a) Enter a judgment that defendant Shockley' actions against Plaintiff were unlawful and violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC § 198.

(b) Grant Compensatory damages as against all Defendants for $50,000.00.

(c) Grant Punitive damages to Plaintiff against all Defendants for $50,000.00.

(d) Grant Plaintiff the cost of this action including reasonable attorney's fees.

(e) Grand such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

## COUNT TWO

24. Plaintiff avers that she was employed at National Seating and Mobility, Inc, office in Montgomery, Alabama from March 26, 2004 until June 26, 2004 and one of her duties were to assured that all orders for wheel chairs and accessories received by defendant Don Williams was correct before mailing the orders to the Alabama Medicaid Agency for prior approval.

25. Plaintiff avers that defendant, Gerald Shockley, was at all time pertinent to the actions taken against her employed as an investigator with the Alabama Attorney General's Office.

26. Plaintiff avers that to obtain a prior approval from Alabama Medicaid Agency all documents required a date, medical necessity information, a prescription, an evaluation form completed by a doctor to assure that the recipient receive their equipment within the 60 day guidelines is required by the Alabama Medicaid Agency.

27. Plaintiff avers that the consequences of not properly obtaining the required information from an applicant would result in the applicant having to resubmit an application, and cause a delay in payment to defendant National Seating & Mobility, Inc. of up to six months to a year which in return would caused defendant Don Williams to fail to meet a monthly quota required by defendant, National Seating & Mobility Inc.

28. Plaintiff avers that she became aware of many orders that did not have the required information and she informed defendant Don Williams and his wife of the missing information, and, and therefore she could not verify to the Alabama Medicaid Agency whether the recipient would receive his or her equipment within the 60 day deadline.

29. Plaintiff avers that she was instructed by defendant Williams to place a date on the documents, which she refused to do so because it would be a fraudulent act.

30. Plaintiff avers that she became aware that the dates on the application was being falsifying whereupon she reported this fact to the Director of Prior Approval Department within the Alabama Medicaid Agency, and to the best of her knowledge this information was reported to Defendant Gerald Shockley.

31. Plaintiff avers that on or about April 15, 2005, she was interviewed by an investigator with the Alabama Medicaid Agency who to the best of her knowledge reported the results of his investigation to defendant Gerald Shockley.

32. Plaintiff avers that defendant Williams was questioned, and he accused her of lying because her employment with National Seating and Mobility, Inc was terminated.

33. Plaintiff avers that the Director of Prior Approval Department within the Alabama Medicaid Agency was questioned by defendant Shockley in July 2005 regarding Defendant Don Williams' statement, and the director provided defendant Shockley with evidence to prove that Plaintiff was truthful regarding the false dates on the application.

34. Plaintiff avers that defendant Williams in conjunction with defendant Shockley caused her to be subjected to a criminal proceeding whose sole basis was the now proven false statement of defendant Williams.

35. Plaintiff avers that defendant Williams acted out of malice or under such circumstances, including lack of probable cause, as would imply malice.

36. Plaintiff avers that the criminal proceedings were terminated in her favor.

37. Plaintiff avers that she has been damaged in that she has been subjected to pain, suffering, loss of liberty, emotional distress, mental anguish, embarrassment, humiliation, loss of time, and loss of income.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff prays for relief as follows:

(a) Enter a judgment that defendant Williams' actions against Plaintiff were unlawful and violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC § 1983.

(b)  Grant Compensatory damages as against all Defendants for $50,000.00.

(c)  Grant Punitive damages to Plaintiff against all Defendants for $50,000.00.

(d)  Grant Plaintiff the cost of this action including reasonable attorney's fees.

(e)  Grand such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

## COUNT THREE

38. Plaintiff avers that she was employed at National Seating and Mobility, Inc, office in Montgomery, Alabama from March 26,2004 until June 26,2004 and one of her duties were to assured that all orders for wheel chairs and accessories received by defendant Don Williams was correct before mailing the orders to the Alabama Medicaid Agency for prior approval.

39. Plaintiff avers that defendant, Gerald Shockley, was at all time pertinent to the actions taken against her employed as an investigator with the Alabama Attorney General's Office.

40. Plaintiff avers that to obtain a prior approval from Alabama Medicaid Agency all documents required a date, medical necessity information, a prescription, an evaluation form completed by a doctor to assure that the recipient receive their equipment within the 60 day guidelines is required by the Alabama Medicaid Agency.

41. Plaintiff avers that the consequences of not properly obtaining the required information from an applicant would result in the applicant having to resubmit an application, and cause a delay in payment to defendant National Seating & Mobility, Inc. of up to six months to a year which in return would caused defendant Don Williams to fail to meet a monthly quota required by defendant, National Seating & Mobility Inc.

42. Plaintiff avers that she became aware of many orders that did not have the required information and she informed defendant Don Williams and his wife of the missing information, and, and therefore she could not verify to the Alabama Medicaid Agency whether the recipient would receive his or her equipment within the 60 day deadline.

43. Plaintiff avers that she was instructed by defendant Williams to place a date on the documents, which she refused to do so because it would be a fraudulent act.

44. Plaintiff avers that she became aware that the dates on the application was being falsifying whereupon she reported this fact to the Director of Prior Approval Department within the Alabama Medicaid Agency, and to the best of her knowledge this information was reported to Defendant Gerald Shockley.

45. Plaintiff avers that on or about April 15, 2005, she was interviewed by an investigator with the Alabama Medicaid Agency who to the best of her knowledge reported the results of his investigation to defendant Gerald Shockley.

46. Plaintiff avers that defendant Williams was questioned, and he accused her of lying because her employment with National Seating and Mobility, Inc was terminated.

47. Plaintiff avers that the Director of Prior Approval Department within the Alabama Medicaid Agency was questioned by defendant Shockley in July 2005 regarding Defendant Don Williams' statement, and the director provided defendant Shockley with evidence to prove that Plaintiff was truthful regarding the false dates on the application.

48. Plaintiff avers that the above-described acts of defendant Williams were committed in the course and scope of defendant Williams' employment duties for the defendant National Seating and Mobility, Inc.

49. Plaintiff avers that defendant National Seating and Mobility, Inc., is responsible for the acts of its employee, defendant Williams under the Doctrine of Respondent Superior.

WHEREFORE, THE PREMISES CONSIDERED, the Plaintiff prays for relief as follows:

(a) Enter a judgment that the National Seating and Mobility, Inc.'s actions against Plaintiff were unlawful and violated of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC § 1983.

(b)   Grant Compensatory damages as against all Defendants for $50,000.00.

(c)   Grant Punitive damages to Plaintiff against all Defendants for $50,000.00.

(d)   Grant Plaintiff the cost of this action including reasonable attorney's fees.

(e)  Grand such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

Respectfully Submitted,

*Deborah M. Nickson*
Deborah M. Nickson
Attorney for Petitioners
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116
334-213-1233