## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH HORTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DON WILLIAMS, individually and** | ) | |
| **in his capacity as the Manager of** | ) | |
| **National Seating and Mobility, Inc.,** | ) | **CIVIL ACTION NUMBER:** |
| **NATIONAL SEATING AND** | ) | **2:06-cv-526-MHT-TFM** |
| **MOBILITY, INC., GERALD** | ) | |
| **SHOCKLEY, individually and in his** | ) | |
| **capacity of a special agent of the** | ) | |
| **Alabama Attorney General's Office,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## ANSWER OF DEFENDANT NATIONAL SEATING AND
## MOBILITY, INC. TO PLAINTIFF'S AMENDED COMPLAINT

Defendant National Seating and Mobility, Inc., ("NSM") makes the following response to Plaintiff's Amended Complaint:

## GENERAL DEFENSES

NSM asserts the following defenses to the Amended Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted. NSM reserves the right to assert additional defenses and/or otherwise to supplement this Answer as

discovery progresses. Unless otherwise expressly stated herein, the allegations contained in the separately numbered paragraphs of Plaintiff's Amended Complaint are denied.

## FIRST DEFENSE

Plaintiff's Amended Complaint, and each and every Count thereof, fails to state grounds upon which relief can be granted. Therefore, Plaintiff's Amended Complaint against NSM is due to be dismissed.

## SECOND DEFENSE

Plaintiff's claims, or some of them, are barred by the applicable statutes of limitation.

## THIRD DEFENSE

NSM asserts Plaintiff's claim under 42 U.S.C. § 1983 must fail because NSM is not an entity acting under the color of state law. NSM asserts that it can not be held liable for purported violations of 42 U.S.C. § 1983 under a theory of *respondeat superior*.

## FOURTH DEFENSE

Any alleged conspiracy claim fails because Plaintiff cannot show that two or more of the Defendants had the purpose to do: (1) something that is unlawful, oppressive or immoral; (2) something that is not unlawful, oppressive or immoral,

by unlawful, oppressive or immoral means; or (3) something that is unlawful, oppressive or immoral, by unlawful, oppressive or immoral means.

## FIFTH DEFENSE

To the extent Plaintiff brings a claim for conspiracy, it fails because she cannot demonstrate that two or more "persons" conspired together to commit a wrongful act.

## SIXTH DEFENSE

Plaintiff's claims must fail because she can not show that NSM acted with actual malice.

## SEVENTH DEFENSE

NSM denies that it deprived Plaintiff of any legal right, and asserts that Plaintiff is not entitled to any relief as requested by the Amended Complaint or otherwise.

## EIGHTH DEFENSE

NSM affirmatively alleges that it did not intentionally or knowingly deprive Plaintiff of any established Constitutional rights.

## NINTH DEFENSE

NSM denies that Plaintiff is entitled to damages of the nature, type, and amount sought in Plaintiff's Amended Complaint.

## TENTH DEFENSE

Plaintiff's claims for equitable relief may not be tried before or decided by a jury.

## ELEVENTH DEFENSE

Plaintiff is not entitled to an award of punitive damages as she has not pled and can not prove facts sufficient to support an award under applicable law.

## TWELFTH DEFENSE

The imposition of punitive damages against NSM for the conduct alleged in the Amended Complaint is prohibited or limited by statutory and/or decisional law.

## THIRTEENTH DEFENSE

Plaintiff's Amended Complaint seeks to make NSM liable for punitive damages. The Supreme Court of the United States has issued an opinion on the issue of punitive damages in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996). NSM adopts by reference all defenses and criteria as set forth in that opinion.

## FOURTEENTH DEFENSE

To the extent, if any, Plaintiff makes a claim for punitive damages, that claim is barred on the following grounds:

(a) Plaintiff is not entitled to punitive damages from NSM pursuant to the facts as alleged in Plaintiff's Amended Complaint.

(b) NSM avers that the invitation for a court or jury to impose liability on NSM for punitive damages without guidelines or standards for determination of the amount or proper circumstances for such an awards would deny NSM due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

(c) The claim of Plaintiff for punitive damages against NSM is barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

(d) Imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

(i)     The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

(ii)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(iii)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against NSM.

(iv)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(v)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(vi)     The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

(vii)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

(viii)    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

(ix)    The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(x)    An award of punitive damages would constitute an arbitrary and capricious taking of property of NSM without due process of law.

## FIFTEENTH DEFENSE

Imposition of punitive damages in this case against NSM would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## SIXTEENTH DEFENSE

To the extent Plaintiff seeks to recover from NSM for any act or omission of its employees, NSM is not liable because the alleged conduct was not (1)

committed in the line and scope of that employee's employment, (2) committed in furtherance of NSM's business, or (3) authorized or ratified by NSM.

## SEVENTEENTH DEFENSE

NSM is not liable for the deliberate, intentional acts of its employees. Therefore, even if an employee of NSM was guilty of intentional misconduct, NSM is not liable for that misconduct.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by one or more of the doctrines of laches, waiver, unclean hands, and equitable or judicial estoppel.

## NINETEENTH DEFENSE

For further answer to Plaintiff's Amended Complaint, Defendant in response to each paragraph, answers as follows:

1.     NSM admits that Plaintiff purports to invoke the jurisdiction of the Court pursuant to the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202 and under the theory of supplemental jurisdiction.  NSM denies that it has violated 42 U.S.C. § 1983 or any other federal or state statute or common law.

2.     NSM denies that it is subject to liability under 42 U.S.C. § 1983. NSM denies that it has violated 42 U.S.C. § 1983 or any other federal or state

statute or common law. NSM admits that the facts as alleged in Plaintiff's Complaint occurred in Montgomery County, Alabama within the Middle District of Alabama.

3.     NSM admits, on information and belief, the allegations contained in paragraph 3 of the Complaint.

4.     NSM admits that Don Williams was employed as a Technician in NSM's office located in Montgomery, Alabama from December 3, 2001 to November 11, 2005.

5.     Admitted.

6.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 6 of the Amended Complaint; therefore, they are denied.

7.     NSM admits that Plaintiff was employed by NSM as a temporary employee, through Kelly Services, in the position of Office Administrator from approximately April 9, 2004 until June 25, 2004. NSM admits that Plaintiff's job duties at NSM consisted of coordinating with the Branch Manager, Rehabilitation Technology Supplier, Technician and other office support personnel to ensure all operational procedures are completed in accordance with company policy and within expected time frames; providing office support and maintaining ongoing liaison with referral sources and patients; and directing the activity of and supervising office support personnel.

8.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 8 of the Amended Complaint; therefore, they are denied.

9.     As phrased, NSM denies each and every allegation of paragraph 9 of the Amended Complaint.

10.     NSM admits that there are certain consequences if improper or incomplete information is submitted to the Alabama Medicaid Agency.  NSM denies each and every remaining allegation of paragraph 10 of the Amended Complaint.

11.     NSM denies each and every allegation of paragraph 11 of the Amended Complaint.

12.     NSM denies each and every allegation of paragraph 12 of the Amended Complaint.

13.     NSM admits that Plaintiff submitted a complaint to the Alabama Medicaid Agency.   NSM admits, on information and belief, that Plaintiff's complaint was reported and eventually Defendant Gerald Shockley assumed responsibility for the investigation.   NSM denies each and every remaining allegation of paragraph 13 of the Amended Complaint.

14.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 14 of the Amended Complaint; therefore, they are denied.

15.     NSM admits, on information and belief, that Don Williams was interviewed by the Alabama Attorney General's office.  NSM denies each and every remaining allegation of paragraph 15 of the Amended Complaint.

16.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 16 of the Amended Complaint; therefore, they are denied.

17.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 17 of the Amended Complaint; therefore, they are denied.

18.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 18 of the Amended Complaint; therefore, they are denied.

19.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 19 of the Amended Complaint; therefore, they are denied.

20.     Admitted.

21.     NSM admits that Plaintiff has certain rights.  NSM denies that it has violated 42 U.S.C. § 1983 or any other federal or state statute or common law. NSM denies that the Plaintiff is entitled to damages or relief of any kind.

22.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 22 of the Amended Complaint; therefore, they are denied.

23.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 23 of the Amended Complaint; therefore, they are denied.

In response to Plaintiff's unnumbered "Wherefore" paragraph, NSM denies that it has violated 42 U.S.C. § 1983 or any other federal or state statute or common law. NSM denies that Plaintiff is entitled to the relief requested or any just relief, damages, award, or remedy of any kind.

24.     NSM admits that Plaintiff was employed by NSM as a temporary employee, through Kelly Services, in the position of Office Administrator from approximately April 9, 2004 until June 25, 2004. NSM admits that Plaintiff's job duties at NSM consisted of coordinating with the Branch Manager, Rehabilitation Technology Supplier, Technician and other office support personnel to ensure all operational procedures are completed in accordance with company policy and within expected time frames; providing office support and maintaining ongoing liaison with referral sources and patients; and directing the activity of and supervising office support personnel.

25.     NSM is without information sufficient to admit or deny the allegations contained in paragraph 25 of the Amended Complaint; therefore, they are denied.

26.     As phrased, NSM denies each and every allegation of paragraph 26 of the Amended Complaint.

27.     NSM admits that there are certain consequences if improper or incomplete information is submitted to the Alabama Medicaid Agency. NSM

denies each and every remaining allegation of paragraph 27 of the Amended Complaint.

28.    NSM denies each and every allegation of paragraph 28 of the Amended Complaint.

29.    NSM denies each and every allegation of paragraph 29 of the Amended Complaint.

30.    NSM admits that Plaintiff submitted a complaint to the Alabama Medicaid Agency.    NSM admits, on information and belief, that Plaintiff's complaint was reported and eventually Defendant Gerald Shockley assumed responsibility for the investigation.    NSM denies each and every remaining allegation of paragraph 30 of the Amended Complaint.

31.    NSM is without information sufficient to admit or deny the allegations contained in paragraph 31 of the Amended Complaint; therefore, they are denied.

32.    NSM admits, on information and belief, that Don Williams was interviewed by the Alabama Attorney General's office.    NSM denies each and every remaining allegation in paragraph 32 of the Amended Complaint.

33.    NSM is without information sufficient to admit or deny the allegations contained in paragraph 33 of the Amended Complaint; therefore, they are denied.

34.    NSM denies each and every allegation of paragraph 34 of the Amended Complaint.

35.    NSM denies each and every allegation of paragraph 35 of the Amended Complaint.

36.    Admitted.

37.    NSM denies that it has violated 42 U.S.C. § 1983 or any other federal or state statute or common law.  NSM denies that the Plaintiff is entitled to damages or relief of any kind.

In response to Plaintiff's unnumbered "Wherefore" paragraph, NSM denies that it has violated 42 U.S.C. § 1983 or any other federal or state statute or common law.  NSM denies that Plaintiff is entitled to the relief requested or any just relief, damages, award, or remedy of any kind.

38.    NSM admits that Plaintiff was employed by NSM as a temporary employee, through Kelly Services, in the position of Office Administrator from approximately April 9, 2004 until June 25, 2004.  NSM admits that Plaintiff's job duties at NSM consisted of coordinating with the Branch Manager, Rehabilitation Technology Supplier, Technician and other office support personnel to ensure all operational procedures are completed in accordance with company policy and within expected time frames; providing office support and maintaining ongoing liaison with referral sources and patients; and directing the activity of and supervising office support personnel.

39.    NSM is without information sufficient to admit or deny the allegations contained in paragraph 39 of the Amended Complaint; therefore, they are denied.

40.    As phrased, NSM denies each and every allegation in paragraph 40 of the Amended Complaint.

41.    NSM admits that there are certain consequences if improper or incomplete information is submitted to the Alabama Medicaid Agency.  NSM denies each and every remaining allegation of paragraph 41 of the Amended Complaint.

42.    NSM denies each and every allegation in paragraph 42 of the Amended Complaint.

43.    NSM denies each and every allegation of paragraph 43 of the Amended Complaint.

44.    NSM admits that Plaintiff submitted a complaint to the Alabama Medicaid Agency.   NSM admits, on information and belief, that Plaintiff's complaint was reported and eventually Defendant Gerald Shockley assumed responsibility for the investigation.   NSM denies each and every remaining allegation of paragraph 44 of the Amended Complaint.

45.    NSM is without information sufficient to admit or deny the allegations contained in paragraph 45 of the Amended Complaint; therefore, they are denied.

46.    NSM admits, on information and belief, that Don Williams was interviewed by the Alabama Attorney General's office.  NSM denies each and every remaining allegation in paragraph 46 of the Amended Complaint.

47.    NSM is without information sufficient to admit or deny the allegations contained in paragraph 47 of the Amended Complaint; therefore, they are denied.

48.    NSM denies each and every allegation contained in paragraph 48 of the Amended Complaint.

49.    NSM denies each and every allegation contained in paragraph 49 of the Amended Complaint.

In response to Plaintiff's unnumbered "Wherefore" paragraph, NSM denies that it has violated 42 U.S.C. § 1983 or any other federal or state statute or common law.  NSM denies that Plaintiff is entitled to the relief requested or any just relief, damages, award, or remedy of any kind.

WHEREFORE, NSM requests a judgment in its favor and an award of costs and fees.

s/Charles A. Stewart, III

Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

s/Elizabeth B. Mitchell

Elizabeth B. Mitchell (BRI050)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

**Attorneys for Defendant**
**National Seating & Mobility, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Deborah M. Nickson
> Attorney for Petitioner
> 2820 Fairlane Drive, Suite A-10
> Montgomery, Alabama 36116
>
> Dorman Walker
> Balch & Bingham
> P.O. Box 78
> Montgomery, AL 36101
>
> Jack W. Wallace, Jr.
> Office of the Attorney General
> 11 South Union Street
> Montgomery, AL 36130

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None.

> s/Elizabeth B. Mitchell
> Elizabeth B. Mitchell
> Bradley Arant Rose & White LLP
> One Federal Place
> 1819 Fifth Avenue North
> Birmingham, AL 35203-2104
> Telephone: (205) 521-8000
> Facsimile: (205) 521-8800