IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
|     Horton, | ) |
| vs. | ) CASE NO. 02:06-CV-00526-MHT-DRB |
| DON WILLIAMS, et al., | ) |
|     Williamss. | ) |

### ANSWER OF WILLIAMS DON WILLIAMS

COMES NOW Don Williams ("Williams"), answering the complaint, as amended, filed April 9, 2007, *doc. nos.* 31, 32 saying:

#### FIRST AFFIRMATIVE DEFENSE
The complaint, as amended, fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE
The punitive damages claimed by Horton violate the United States Constitution and the Constitution of Alabama, 1901, as amended.

#### THIRD AFFIRMATIVE DEFENSE
Williams is not a state actor and therefore Section 1983 is inapplicable.

#### FOURTH AFFIRMATIVE DEFENSE
To the extent Williams took any action relevant here, he did so in the line and scope of his employment.

#### FIFTH AFFIRMATIVE DEFENSE
Williams pleads waiver, release, accord and satisfaction, and res judicata in bar of the claims filed by Horton.

#### SIXTH AFFIRMATIVE DEFENSE
Williams denies (i) that he has violated any law, Constitutional right, or statute, (ii) that Horton has been deprived of any legally cognizable right or interest, and (iii) that Horton is entitled to any relief.

179305.1

### SEVENTH AFFIRMATIVE DEFENSE
Some or all of the amended complaint's allegations are barred by the applicable statutes of limitations or by the doctrine of laches, or both.

### EIGHTH AFFIRMATIVE DEFENSE
The complaint, as amended, seeks relief not available under the 42 U.S.C. § 1983 – damages based on private action.

### NINTH AFFIRMATIVE DEFENSE
Horton's claims are barred by the doctrine of judicial estoppel.

### TENTH AFFIRMATIVE DEFENSE
Williams's actions with respect to Horton were taken in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE
Horton's claims are barred, in whole or in part, because Williams did not act with malice or reckless indifference.

### TWELFTH AFFIRMATIVE DEFENSE
Horton has not taken due care to mitigate her alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
Horton's claims are barred, in whole or in part, by lack of agreement, understanding and/or concerted action between the relevant parties to commit a wrongful act.

### FOURTEENTH AFFIRMATIVE DEFENSE
Williams did not willfully violate any law, statute or right of Horton.

### FIFTEENTH AFFIRMATIVE DEFENSE
Williams did not act recklessly or with indifference to the federally protected rights of Horton and Horton cannot recover punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE
Williams denies all allegations that are not specifically admitted herein.

### SEVENTEENTH AFFIRMATIVE DEFENSE
Williams demands attorneys fees and costs related to defense of this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Williams reserves the right to amend its Answer and add additional defenses to the extent such defense are revealed during the discovery process.

Williams reserves the right to amend its Answer and add additional defenses to the extent such defense are revealed during the discovery process.

Now, answering the amended complaint's particular allegations, Williams says:

1. For answer to paragraph 1, Williams admits that Horton seeks to invoke this Court's jurisdiction by virtue of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C.. § 2202 and the doctrine of supplemental jurisdiction, otherwise denied.

2. For answer to paragraph 2, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

3. For answer to paragraph 3, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

4. For answer to paragraph 4, Williams admits that National Seating and Mobility, Inc. had an office in Montgomery County, Alabama, otherwise denied.

5. For answer to paragraph 5, Williams admits the allegations therein.

6. For answer to paragraph 6, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

## COUNT ONE

7. For answer to paragraph 7, Williams admits that Horton, as an employee of Kelly Services, worked at National Seating and Mobility, Inc. for a brief period, otherwise denied.

8. For answer to paragraph 8, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

9. For answer to paragraph 9, Williams admits there is a process to obtain prior approval for equipment from the Alabama Medicaid Agency, which requires certain information be submitted, otherwise denied.

10. For answer to paragraph 10, Williams admits that problems with prior approval paperwork could slow approval time and thereby delivery of equipment, otherwise denied.

11. For answer to paragraph 11, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, specifically as to what Horton became aware of and what she "could not verify", otherwise denied.

12. Denied.

13. For answer to paragraph 13, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

14. For answer to paragraph 14, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

15. For answer to paragraph 15, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that he "was questioned", and asserts further that when he talked with investigators he said Horton's allegations were false; otherwise denied.

16. For answer to paragraph 16, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

17. For answer to paragraph 17, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

18. For answer to paragraph 18, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

19. For answer to paragraph 19, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

20. For answer to paragraph 20, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

21. For answer to paragraph 21, Williams admits that the constitutional rights referred to in this paragraph exist, but Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations that these rights, applied to Horton in the circumstances averred.

22. For answer to paragraph 22, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

23. For answer to paragraph 23, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

### PRAYER FOR RELIEF

Williams denies that Horton is entitled to the relief that she seeks.

### COUNT TWO

24. Williams admits that Horton, as an employee of Kelly Services, worked at National Seating and Mobility, Inc. for a brief period, otherwise denied.

25. For answer to paragraph 25, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

26. For answer to paragraph 26, Williams admits there is a process to obtain prior approval for equipment from the Alabama Medicaid Agency, which requires certain information be submitted, otherwise denied.

27. For answer to paragraph 27, Williams admits that problems with prior approval paperwork could slow approval time and thereby delivery of equipment, otherwise denied.

28. For answer to paragraph 28, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, specifically as to what Horton became aware of and what she "could not verify", otherwise denied.

29. Denied.

30. For answer to paragraph 30, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

31. For answer to paragraph 31, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

32. For answer to paragraph 32, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that he "was questioned", and asserts further that when he talked with investigators he said Horton's allegations were false; otherwise denied.

33. For answer to paragraph 33, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

34. Denied.

35. Denied.

36. For answer to paragraph 36, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

37.     Denied.

## PRAYER FOR RELIEF

Williams denies that Horton is entitled to the relief that she seeks.

## COUNT THREE

38.     For answer to paragraph 38, Williams admits that Horton, as an employee of Kelly Services, worked at National Seating and Mobility, Inc. for a period of time, otherwise denied.

39.     For answer to paragraph 39, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

40.     For answer to paragraph 40, Williams admits there is a process to obtain prior approval for equipment from the Alabama Medicaid Agency, which requires certain information be submitted, otherwise denied.

41.     For answer to paragraph 41, Williams admits that problems with prior approval paperwork could slow approval time and thereby delivery of equipment, otherwise denied.

42.     For answer to paragraph 42, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, specifically as to what Horton became aware of and what she "could not verify", otherwise denied.

43.     Denied.

44.     For answer to paragraph 44, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, specifically as to what Horton "became aware" of, what Horton reported and to whom, or as to what Horton's knowledge is, otherwise denied.

45.     For answer to paragraph 45, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations.

46. For answer to paragraph 46, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that he "was questioned", and asserts further that when he talked with investigators he said Horton's allegations were false; otherwise denied.

47. For answer to paragraph 47, Williams is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation.

48. For answer to paragraph 48, Williams admits that to the extent he took any action relevant herein, such actions were taken in the course and scope of his employment, otherwise denied.

49. Denied.

## PRAYER FOR RELIEF

Williams denies that Horton is entitled to the relief that she seeks.

Respectfully submitted this 23rd day of April, 2007.

s/ Dorman Walker
Attorney for Williams Don Williams

s/ Kelly F. Pate
Attorney for Williams Don Williams

OF COUNSEL:
Dorman Walker (WAL086)
Kelly F. Pate (FIT014)
Balch & Bingham LLP
Post Office Box 78
Montgomery, Alabama 36101
334/269-3138
866/736-3854 (fax)
dwalker@balch.com

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

Deborah Moore Nickson
2820 Fairlane Drive
Suite A-10
Montgomery, AL 36116

Charles Andrew Stewart, III
Bradley, Arant, Rose & White, LLP
Post Office Box 1469
Montgomery, AL 36102-1469

Jack W. Wallace, Jr.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

William O. Butler, III
Alabama Medicaid Agency
Post Office Box 5624
Montgomery, AL 36103-5624

This the 24th day of April, 2007.

                                              s/ Kelly F. Pate
                                              Of Counsel