IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06cv526-DBB |
| | ) |
| DON WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiff by and through her attorney and files her response and brief in support of request to deny Defendant Gerald Shockley's Motion to Dismiss as follows:

**ARGUMENT**

Defendant Gerald Shockley argues that plaintiff's claim against him is barred by the Eleventh Amendment to the United States Constitution and Section 14 of the Constitution of Alabama of 1901.

Section 14 of the Constitution of Alabama of 1901, provides: "That the State of Alabama shall never be made a defendant in any court of law or equity." Alabama case law has long interpreted Section 14 of the Alabama Constitution as affording absolute immunity to the State itself and to some state officials and extending some form of qualified immunity to others. There are limitations, however, to the coverage of immunity. State employees are immune from liability when performing discretionary duties in their official capacity, Gill v. Sewell, 356 So. 2d 1196 (Ala. 1978), but may be subject to liability when "acting beyond the scope of his

authority or acting illegally, in bad faith, or fraudulently." St. Clair County v. Town of Riverside, 272 Ala. 294, 128 So. 2d 333 (Ala. 1961).

Defendant's argument is not supported by the law and the facts. A crucial fact in this case is that the plaintiff was arrested for furnishing a false report. The basis for this charge was not supported by the evidence particularly evidence provided by the Director of the division of the affected agency that was involved in the investigation. There quite simply no probable cause for Defendant Shockley's action.

Probable cause is defined as facts and circumstances within the knowledge of a reasonable police officer that were sufficient to warrant a prudent person in believing that a subject had committed or was committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964). It is black-letter law in this Circuit that "probable cause to arrest exists where the facts and circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed." U.S. v. Blasco, 702 F.2d 1315, 1324 (11th Cir. 1983), citing United States v. Perez, 526 F.2d 859 (5th Cir.), cert. denied, 429 U.S. 846, 97 S.Ct. 129, 50 L.Ed.2d 118 (1976). In § 1983 cases, however, the standard is "arguable" probable cause. Arguable probable cause exists where "reasonable officers in the same circumstances and possessing the same knowledge as the defendants could have believed that probable cause existed." Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990).

While the law is so configured as to protect public officials, that protection is not absolute; it leaves a sufficient field of operation to provide redress for wrongs committed by plainly incompetent or willfully malicious public officials. Defendant Shockley is not entitled to

immunity under the Eleventh Amendment to the United States Constitution and Section 14 of the Constitution of Alabama of 1901.

## CONCLUSION

Based on the above, the plaintiff asserts, by and through counsel that the Motion to Dismiss is due to be denied.

Respectfully Submitted,

/s/ Deborah M. Nickson_____
Deborah M. Nickson
Attorney for Plaintiff
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116
334-213-1233

CERTIFICATE OF SERVICE

I hereby certify that I have this 10th day of May 2007, electronically filed the forgoing with the Clerk of Court using the CM/ECF, which will send notification of this filing to the following:

Haskell, Slaughter, Yong, and Gallion, LLC
Hon. Thomas T. Gallion, III
P.O. Box 4660
Montgomery, AL. 36103

Haskell, Slaughter, Yong, and Gallion, LLC
Hon. Constance Walker
P.O. Box 4660
Montgomery, AL. 36103

          /s/ Deborah M. Nickson\_\_\_\_\_
          Deborah M. Nickson