IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**ELIZABETH HORTON,**

    **Plaintiff**

v.                                       Case No 2:06 cv 526 - DBB

**DON WILLIAMS, ET AL,**

    **Defendants**

## BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANT SHOCKLEY

Comes now Defendant Gerald Shockley, by and through counsel, Troy King, Attorney General of the State of Alabama, and Jack Wallace, Jr., Assistant Attorney General, to hereby submit his brief in support of his motion to dismiss the Amended Complaint in this civil action.

## ARGUMENT

The Plaintiff brought this action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages for alleged violations of her constitutional rights to be free of unreasonable searches and seizures pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. In paragraph 6 of the Amended Complaint, the Plaintiff states that Defendant Shockley is sued in both his individual capacity and in his official capacity. The Defendant filed a motion to dismiss based, inter alia, upon a failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P 12(b)(6), sovereign immunity pursuant to the Eleventh Amendment of the

United States Constitution and Article I, Section 14 of the Alabama Constitution of 1901, and Qualified Immunity as well as State-Agent or Discretionary Function Immunity.

**STANDARD OF REVIEW**

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ⋯ [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and reasonable inferences drawn from those facts, and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73; *see also Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir.1992). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985). However, in cases brought under 42 U.S.C. § 1983 when qualified immunity is an issue, the threshold is high. *See Marsh v. Butler County,* 268 F.3d 1014 (11th Cir.2001), *implicitly modified by Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *see also GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1369 (11th Cir.1998) ("A district court may not infer claims other than those that plainly appear on the face of the complaint to defeat a defense of qualified immunity.").

**FIFTH AMENDMENT CLAIM**

In Count 1 of the Complaint, the Plaintiff avers that Defendant Shockley violated the Fifth Amendment guarantee of due process. The Fifth Amendment states:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger, nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

The Fifth Amendment's Due Process Clause only applies to claims against the federal government. See *Strickland v. City of Dothan,* 399 . F. Supp.2d 1275, 1284 (M.D. Ala. 2005 (Thompson, J.)("The Fifth Amendment's Due Process Clause applies only to the federal government. The Amended Complaint states in paragraphs 6, 8 and 39 that Defendant Shockley is an investigator of the Alabama Attorney General's Office and thus is not a federal agent or employee. Because it is undisputed that Shockley is not a federal actor, the Fifth Amendment Due Process Clause does not apply. See *Green v. Freeman,* 434 F. Supp.2d 1172, 1176 (M.D. Ala. 2005)(Thompson, J.) (holding Fifth Amendment Due Process Clause does not apply to claims against municipality and its police officer.

The Fifth Amendment due process claim should be dismissed with prejudice.

**FOURTEENTH AMENDMENT CLAIM**

Count 1 of the Amended Complaint also ascertains a claim under the Fourteenth Amendment's Due Process Clause. Section 1 of the Fourteenth Amendment states:

> All person born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Plaintiff brings her action based upon an alleged lack of probable cause. The Fourteenth Amendment Due Process Clause does not apply to allegations of arrest without probable cause.

In *Albright v. Oliver,* 510 U.S. 266 (1994), the Supreme Court affirmed the district court's dismissal of a Fourteenth Amendment due process claim that was based upon allegations of arrest without probable cause. The Supreme Court held that such claims were properly brought pursuant to the Fourth Amendment, not the Fourteenth Amendment. The court stated that "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273 (1994)(quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)).

In the Supreme Court's view, "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." Albright, 510 U.S., at 274. Because the Fourth Amendment specifically addresses the requirements for a lawful arrest, it exclusively governs allegations of arrest without probable cause. See *Albright,* 510 U.S. at 273-275. The Plaintiff's Fourteenth Amendment due process claim should be dismissed with prejudice.

## IMMUNITY IN OFFICIAL CAPACITY

Defendant Shockley is sued in his official capacity as an investigator or agent of the Attorney General's Office of the State of Alabama. The Plaintiff seeks both compensatory and punitive damages from Defendant Shockley in his official capacity. A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). As such, it is no different from a suit against the State itself. See, *e.g., Kentucky v. Graham,* 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3104-3105, 87 L.Ed.2d 114 (1985); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, at 690, n. 55, 98 S.Ct. 2018, at 2035, n. 55. The law is well settled that "a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida,* 517 U.S. 44, 59, 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996)." Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence,* 916 F.2d 1521, 1525 (11th Cir.1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities. *Lancaster v. Monroe County,* 116 F.3d 1419, 1429 (11th Cir.1997).

The Plaintiff's claims against Defendant Shockley in his official capacity should be dismissed with prejudice.

## **CONCLUSION**

Defendant Shockley respectfully submitted that the claim against him in his official capacity is barred by the Eleventh Amendment and by Article I, Section 14 of the Alabama Constitution of 1901 and is due to be dismissed. He further submits that the Complaint fails to state claims for which relief can be granted under the Fifth and Fourteenth Amendments and those claims should be dismissed with prejudice.

Respectfully submitted on this the 14 day of May, 2007.

                        TROY KING
                        ATTORNEY GENERAL


                        /s/ *Jack Wallace, Jr.*
                        Jack Wallace, Jr.
                        Assistant Attorney General

Address of Counsel:

Office of the Attorney General
11 South Union Street
Montgomery, AL  36130
334.353.8671
334.242.2433 - fax
JWallace@ago.state.al.us

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 14th day of May, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF. The Clerk of Court using the CM/ECF system will send notification of this filing to the following:

Deborah M. Nickson
Attorney for Plaintiff

Charles Andrew Stewart, III
Bradley, Arant, Rose & White, LLP

William O. Butler, III
Alabama Medicaid Agency

Dorman Walker
Balch & Bingham LLP

Thomas T. Gallion, III
Constance Walker
Haskell, Slaughter, Yong and Gallion. LLC

/s/ *Jack Wallace, Jr.*