IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ELIZABETH HORTON,            )
                             )
    Plaintiff,               )
                             )
                             )    CIVIL ACTION NO.
    v.                       )     2:06cv526-MHT
                             )        (WO)
DON WILLIAMS, etc., et al.,  )
                             )
    Defendants.              )
```

OPINION AND ORDER

Plaintiff Elizabeth Horton brings this lawsuit against defendants Gerald Shockley, Don Williams, and National Seating and Mobility, Inc., seeking damages for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. § 1983. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343. Now pending before the court is Shockley's motion to dismiss Horton's amended complaint. Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be granted in part and denied in part.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007), "only enough facts to state a claim to relief that is plausible on its face," id. at 1974.

A motion to dismiss may be granted as to only part of a complaint and denied as to the remainder. See, e.g., Chepstow Ltd. v. Hunt, 381 F.3d 1077 (11th Cir. 2004) (reversing district court's dismissal of some of plaintiff's claims, while affirming dismissal of other claims); Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d Cir. 1982) ("a Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the

remainder"); see also 5C Wright & Miller, Federal Practice and Procedure § 1358 (3d ed. 2004).

## II. FACTS

The relevant facts as alleged by Horton are as follows. While employed by National Seating and Mobility, Inc., Horton became aware that certain documents submitted by her employer to the Alabama Medicaid Agency were falsified or fraudulent. She reported this fact to the agency, at which point the Alabama Attorney General's Office sent Shockley to investigate. Williams, Horton's supervisor, told Shockley that Horton's allegations were lies. But the Alabama Medicaid Agency, which initially received Horton's complaint, provided Shockley with evidence that proved Horton's allegations were correct. In spite of this exculpatory evidence, Shockley caused an warrant to be issued for Horton's arrest on the charge of furnishing a false report to a law-enforcement officer. Horton was arrested, tried, and acquitted. She now sues Shockley in his individual and official capacities for

causing her arrest without probable cause in violation of the Fourth, Fifth, and Fourteenth Amendments.

### III. DISCUSSION

#### A. Fifth Amendment

Horton asserts that Shockley's conduct violated the Fifth Amendment.[1]  Although she does not state which clause of the Fifth Amendment she seeks to invoke, she does state that she has a protectible interest in her freedom. Compl. ¶ 21.  The court therefore assumes that Horton seeks to invoke the Fifth Amendment's protection against deprivation of liberty without due process of law. However, the Fifth Amendment's due process clause applies to only the federal government.  <u>Riley v. Camp</u>, 130 F.3d 958, 972 n.19 (11th Cir. 1997).  Because Horton has alleged no federal participation, Shockley's motion to dismiss will be granted to the extent Horton seeks relief under the due process clause of the Fifth Amendment.

---

1. "No person shall ... be deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V.

B. Fourth and Fourteenth Amendments

Horton also asserts that Shockley's conduct violated the Fourteenth Amendment. Although the due process clause of the Fifth Amendment applies to only the federal government, the due process clause of the Fourteenth Amendment by its terms applies to the States: "No state shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1.

Because Horton also asserts a Fourth Amendment violation, alleging that Shockley caused her to be arrested without probable cause, the question here is whether she seeks to invoke the Fourteenth Amendment as an independent due-process claim or merely as the mechanism by which the Fourth Amendment is incorporated against the States. Insofar as Horton merely invokes the Fourteenth Amendment's incorporation principle, Shockley's motion to dismiss will be denied. See Baker v. McCollan, 443 U.S. 137, 142 (1979); Mapp v. Ohio, 367 U.S. 643, 655 (1961). However, Horton cannot bring a separate due-process claim,

5

independent of her Fourth Amendment claim, based on an arrest without probable cause. When a § 1983 plaintiff bases her claim on an arrest not supported by probable cause, that claim is properly analyzed under the Fourth Amendment,[2] not due process. Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim." (internal quotation marks omitted). Therefore, insofar as Horton would have the court analyze her due-process claim independently of her Fourth Amendment claim, Shockley's motion to dismiss is due to be granted.

---

2. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

### C.  Official-Capacity Immunity

Horton has sued Shockley both individually and in his official capacity as an agent or investigator of the Alabama Attorney General's Office.  Suits against state officials in their official capacities for money damages under § 1983 are barred by sovereign immunity under the Eleventh Amendment.  <u>Cross v. Alabama</u>, 49 F.3d 1490, 1502-03 (11th Cir. 1995).  Therefore, Horton's claims against Shockley in his official capacity will be dismissed.

### D. Qualified Immunity

To the extent Shockley has been sued in his individual capacity, he is permitted to raise the affirmative defense of qualified immunity.  Although Shockley raises the defense in one sentence of his motion to dismiss, he provides the court with no authority or discussion in his motion or brief in support.  The court will nonetheless proceed with qualified-immunity analysis in recognition of "the importance of resolving immunity questions at the

earliest possible stage in the litigation." Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).

Under the qualified-immunity rule, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Holmes v. Kucynda, 321 F.3d 1069, 1077-78 (11th Cir. 2003). It is clearly established law that probable cause for arrest exists only if facts and circumstances are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. Gerstein v. Pugh, 420 U.S. 103, 112 (1975); Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). In the qualified-immunity context, the standard is "arguable probable cause" rather than actual probable cause: under all of the facts and circumstances, could an officer reasonably have believed that probable cause was present? Crosby, 394 F.3d at 1332. When a law

enforcement officer applies for an arrest warrant, he is not entitled to qualified immunity if a reasonably well-trained officer in his position would have known that there was no probable cause for the arrest and that he should not have applied for the warrant. <u>Malley v. Briggs</u>, 475 U.S. 335, 345 (1986); <u>Garmon v. Lumpkin County</u>, 878 F.2d 1406, 1410 (11th Cir. 1989); <u>Tillman v. Coley</u>, 886 F.2d 317 (11th Cir. 1989).

At the motion-to-dismiss stage, a complaint should not be dismissed on qualified-immunity grounds unless its allegations, on their face, show that qualified immunity bars recovery. <u>Marsh</u>, 268 F.3d at 1022. Applying that standard here, the court does not believe that Horton's Fourth Amendment claim against Shockley should be dismissed. Horton alleges that on August 2, 2005, Shockley caused a warrant to be issued for Horton's arrest for furnishing a false report to a law enforcement officer even though he had evidence that <u>proved</u> her report was not false and even though the evidence was <u>clear</u> that she had not committed a criminal offense. Compl. ¶¶ 16-17, 22.

Faced with such evidence, a reasonable officer could not have believed that probable cause was present, and a reasonably well-trained officer would know that there was a lack of probable cause for an arrest warrant. Accordingly, Shockley's qualified-immunity defense does not defeat Horton's Fourth Amendment claim at the motion to dismiss stage, and his motion to dismiss on that ground will therefore be denied, albeit with leave to renew the qualified-immunity defense on a motion for summary judgment.

\* \* \*

For the foregoing reasons, it is ORDERED as follows:

(1) Defendant Gerald Shockley's motion to dismiss (doc. no. 33) is granted on:

> (a) plaintiff Elizabeth Horton's claim against defendant Shockley in his individual capacity arising out of the Fifth Amendment;
>
> (b) plaintiff Horton's claim against defendant Shockley in his individual capacity arising out of the Fourteenth Amendment except

>     insofar as the Fourteenth Amendment is
>     invoked as incorporating the Fourth Amendment
>     against a state defendant; and
>
> (c) all of plaintiff Horton's claims against
>     defendant Shockley in his official capacity.

(2) Said motion is denied on plaintiff Horton's claim against defendant Shockley in his individual capacity arising out of the Fourth Amendment as enforced through the Fourteenth Amendment.

DONE, this the 30th day of May, 2007.

                         /s/ Myron H. Thompson
                  UNITED STATES DISTRICT JUDGE