IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ELIZABETH HORTON,

    Plaintiff

v.                        CASE NO: 2:06-CV-526-MHT

DON WILLIAMS, ET AL

    Defendants

### DEFENDANT SHOCKLEY'S ANSWER TO AMENDED COMPLAINT

Comes now Defendant Gerald Shockley, by and through counsel, Troy King, Attorney General of Alabama, to submit his answer to the allegations of the complaint.

### JURISDICTION AND VENUE

1. Deny that Plaintiff's rights were violated. No further response is necessary to the remaining averments of paragraph 1.

2. Deny that Plaintiff's rights were violated.

3. Admit.

4. Admit.

5. Admit.

6. Admit that Defendant Shockley was employed by the Office of the Attorney General. Deny that his conduct violated the rights of the Plaintiff.

## COUNT ONE

7. Admit that Plaintiff was employed at National Seating and Mobility, Inc. Defendant has insufficient knowledge to form an opinion as to the truth of the remaining averments of paragraph 7.

8. Admit.

9. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 9.

10. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 10.

11. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 11.

12. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 12.

13. Deny.

14. Admit that Plaintiff was interviewed but the investigator worked for the Office of the Attorney General.

15. Deny.

16. Deny.

17. Admit that warrant was issued on 1 August 2005 upon submission of affidavit by Defendant Shockley.

18. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 18.

19. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 19.

20. Admit.

21. Admit.

22. Deny.

23. Deny

## COUNT TWO

24. Admit that Plaintiff was employed at National Seating and Mobility, Inc. Defendant has insufficient knowledge to form an opinion as to the truth of the remaining averments of paragraph 24.

25. Admit.

26. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 26.

27. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 27.

28. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 28.

29. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 29.

30. Deny.

31. Admit that Plaintiff was interviewed but the investigator worked for the Office of the Attorney General.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Admit.

37. Deny.

## COUNT THREE

38. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 38.

39. Admit.

40. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 40.

41. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 41.

42. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 42.

43. Defendant has insufficient knowledge to form an opinion as to the truth of the averments of paragraph 43.

44. Deny.

45. Admit that Plaintiff was interviewed but the investigator worked for the Office of the Attorney General.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

The Defendant denies each and every material allegation not otherwise admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a cause of action for which relief can be granted.

2. This Honorable Court lacks subject matter jurisdiction.

3. The Defendant asserts that he is entitled to the protections of sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution and Art. I, § 14, Alabama Constitution of 1901.

4. The Defendant further asserts that he is entitled to the protections of qualified immunity and state-agent immunity which is also known in as discretionary function immunity.

5. The Defendant acted pursuant to advice of counsel.

6. At all times, the Defendant was acting within the line and scope of his employment, discharging the duties, responsibilities and obligations of his employment.

7. The Defendant acted in accordance with the laws of the State of Alabama and of the United States of America at all times.

8. The Defendant asserts that he is entitled to prosecutorial immunity.

Respectfully submitted on this the 11th day of June, 2007.

        TROY KING
        ATTORNEY GENERAL

        /s/ *Jack Wallace, Jr.*
        Jack Wallace, Jr.
        Assistant Attorney General

Address of Counsel:

Office of the Attorney General
11 South Union Street
Montgomery, AL  36130
334.353.8671
JWallace@AGO.state.al.us


## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 11th day of June, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF. The Clerk of Court using the CM/ECF system will send notification of this filing to the following:

Deborah M. Nickson, Esq.
Attorney for Plaintiff

Dorman Walker, Esq.
Kelly Fitzgerald Pate, Esq.
Balch & Bingham, LLP
Attorneys for Defendant Don Williams

Charles Andrew Stewart, III, Esq.
Elizabeth Breslin Mitchell, Esq.
Bradley, Arant, Rose & White, LLP
Attorneys for National Seating and Mobility, Inc.

/s/ *Jack Wallace, Jr.*