# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ELIZABETH HORTON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **DON WILLIAMS**, individually and in his capacity as the Manager of National Seating and Mobility, Inc., **NATIONAL SEATING AND MOBILITY, INC.**, **GERALD SHOCKLEY**, individually and in his capacity of a special agent of the Alabama Attorney General's Office, | ) ) ) ) ) ) ) ) ) | 
| | ) |
| Defendants. | ) |

CIVIL ACTION NUMBER:
2:06-cv-526-MHT-TFM

## DEFENDANTS' MOTION TO EXTEND DEFENDANTS' EXPERT DISCLOSURE DEADLINE

The Defendants, National Seating and Mobility, Inc. ("NSM"), Don Williams, and Gerald Shockley (collectively, the "Defendants") jointly move this Court pursuant to Federal Rule of Civil Procedure 6(b) for an extension of the Court's expert disclosure deadline, allowing Defendants thirty days after their receipt of Plaintiff Elizabeth Horton's Rule 26 compliant expert disclosures, or thirty days after Plaintiff's deposition, or thirty days after the depositions of

1

Horton's retained experts, whichever is longer, within which to make their expert disclosures. This motion is based upon the following grounds:

1. Plaintiff's expert disclosures were served on August 31, 2007 and did not include expert reports for any of her experts. Plaintiff provided only the names and addresses of five medical doctors and counselors, previously unknown to defendants, who have provided care to her. (Exhibit A.) ("Plaintiff's Expert Disclosures"). Thus, Plaintiff violated the Court's June 19, 2007 Scheduling Order, § 8 (doc. 50) (requiring disclosure of reports of retained experts) and Rule 26(a)(2)(B) (same).

2. Defendants' expert disclosures are due September 28, 2007.

3. Before Defendants can submit reports of retained experts on medical issues, they would need time to review Plaintiff's medical records, and possibly depose her retained experts. Defendants are in the process of seeking medical releases from Plaintiff. None of these medical care providers were identified in Plaintiff's Rule 26 initial disclosures, consequently Defendants could not commence discovery of their records until now. (Discovery seeking information about medical providers was served on Plaintiff on August 17, 2007, after Defendants learned that Plaintiff would be making medical claims, but Plaintiff has not yet responded to those requests.)

4. Defendants also have not yet been able to take Plaintiff's deposition. The parties originally scheduled Plaintiff's deposition for August 16, 2007, but on August 14, 2007, Plaintiff asked to postpone her deposition because of her current psychological condition and the advice of her physician. Since then, Defendants have continued to follow up with Plaintiff's counsel in an effort to find dates for Plaintiff's deposition.

5. For these reasons, Defendants need additional time to take Plaintiff's deposition, obtain and review her experts' reports, and gather any other information necessary to make an informed decision on the type of expert testimony they will need to adequately defend themselves against Plaintiff's claims. Without knowing Plaintiff's experts' opinions or even the particulars of Plaintiff's claims, Defendants cannot be expected to identify rebuttal testimony to be offered by their experts.

6. This case is not set for trial until June 23, 2008 and thus this extension will not result in any prejudice to the parties. The deadline for completing discovery is January 31, 2008.

7. This motion is being filed by NSM on behalf of all of the Defendants, and with their approval.

WHEREFORE, Defendants respectfully move the Court to grant this request for extension of time to allow Defendants thirty days after their receipt of

Plaintiff's Rule 26 compliant expert disclosures, or thirty days after Plaintiff's deposition, or thirty days after the depositions of Plaintiff's retained experts, whichever is longer, to serve their expert disclosures.

        Respectfully submitted,

        /s/ Elizabeth B. Mitchell
Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

Elizabeth B. Mitchell (BRI050)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

**Attorneys for Defendant**
**National Seating & Mobility, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Deborah M. Nickson
Attorney for Petitioner
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116

Dorman Walker
Balch & Bingham
P.O. Box 78
Montgomery, AL 36101

Jack W. Wallace, Jr.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

      /s/ Elizabeth B. Mitchell
Elizabeth B. Mitchell
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800