IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH HORTON | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DON WILLIAMS, individually and | ) | |
| in his capacity as the Manager of | ) | |
| National Seating and Mobility, Inc., | ) | CIVIL ACTION NUMBER: |
| NATIONAL SEATING AND | ) | 2:06-cv-526-MHT-TFM |
| MOBILITY, INC., GERALD | ) | |
| SHOCKLEY, individually and in his | ) | |
| capacity of a special agent of the | ) | |
| Alabama Attorney General's Office, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' MOTION TO RECONSIDER
THE COURT'S DENIAL OF ITS MOTION TO EXTEND
DEFENDANTS' EXPERT DISCLOSURE DEADLINE OR
ALTERNATIVELY, TO STRIKE PLAINTIFF'S EXPERTS**

The Defendants, **National Seating and Mobility, Inc.** ("NSM"), **Don Williams** ("Williams"), and **Gerald Shockley** ("Shockley") (collectively, the "Defendants") jointly move this Court to reconsider its denial of Defendants' motion for extension of Defendants' expert disclosures deadline (*See* Defendant's Motion, attached hereto as Exhibit A.)  Defendants respectfully request the Court to reconsider its earlier denial based on the following:

1.     Counsel for Defendants have worked diligently to move discovery forward in this case.  Defendants have been trying to depose Plaintiff since June 15, 2007.  What follows is a chronology of Defendants' efforts:

- June 15, 2007:  NSM's counsel writes Plaintiff's counsel to get dates for Plaintiff's deposition.  *See* Exhibit B.

- June 20, 2007:  Plaintiff's counsel writes NSM's counsel regarding Plaintiff's deposition.  *See* Exhibit C.

- August 14, 2007:  Plaintiff's counsel cancels Plaintiff' deposition.  *See* Exhibit D.

- August 15, 2007:  Williams' counsel writes Plaintiff's counsel regarding Plaintiff's deposition.  *See* Exhibit E.

- August 15, 2007:  Plaintiff's counsel sends email regarding Plaintiff's medical treatment, which prevents Plaintiff's deposition.  *See* Exhibit F.

- August 27, 2007:  NSM's counsel writes Plaintiff's counsel regarding Plaintiff's deposition.  *See* Exhibit G.

- August 29, 2007:  NSM's counsel writes again for Plaintiff's deposition dates.  *See* Exhibit H.

- September 3, 2007:  Plaintiff's counsel explains Plaintiff's inability to be deposed.  *See* Exhibit I.

- September 7, 2007:  Williams' counsel writes Plaintiff's counsel regarding Plaintiff's inability to be deposed.  *See* Exhibit J.

- September 13, 2007:  NSM's counsel writes Plaintiff's counsel regarding Plaintiff's deposition.  *See* Exhibit K.

- September 19, 2007:  NSM's counsel writes Williams' counsel regarding Plaintiff's deposition.  *See* Exhibit L.

- September 19, 2007:  Plaintiff's counsel makes Plaintiff available for deposition in mid-to-late October.  *See* Exhibit M.

- Plaintiff's deposition is scheduled by agreement of the parties for November 1, 2007.  *See* Exhibit N.

2.      Unknown to the Court by design, Defendants have worked diligently with Plaintiff's counsel to get expert disclosures which are compliant with Rule 26(a)(2).  Plaintiff's disclosures were served on August 31, 2007.  *See* Exhibit O. Once Plaintiff's disclosures were received, Defendants placed Plaintiff's counsel on notice of the deficiency of the disclosures.  The following chronology relates to expert disclosures:

- September 7, 2007:  Williams' counsel writes Plaintiff's counsel regarding Plaintiff's inadequate disclosures.  *See* Exhibit P.

- September 19, 2007:  NSM's counsel writes Plaintiff's counsel regarding inadequate disclosures.  *See* Exhibit Q.

- September 19, 2007:  NSM's counsel writes Williams' counsel regarding conference with Plaintiff's counsel.  *See* Exhibit R.

- September 25, 2007 (8:59 a.m.):  NSM's counsel circulates a draft motion for extension of Defendants' experts disclosures deadline. *See* Exhibit S.

- September 25, 2007 (11:12 a.m.):  NSM's counsel circulates a revised draft of Defendants' motion for extension.  *See* Exhibit T.

- September 25, 2007 (5:58 p.m.):  Plaintiff's counsel writes NSM's counsel regarding motion for extension.  *See* Exhibit U.

- September 25, 2007 (6:07 p.m.):    Plaintiff's counsel writes Defendants' counsel regarding Plaintiff's treatment.  *See* Exhibit V.

- September 25, 2007 (6:11 p.m.):  NSM's counsel prepares another draft of motion for extension.  *See* Exhibit W.

Finally, Plaintiff's counsel requested, over voicemail on the morning of September 27, 2007, that Defendants go ahead and file their motion and that she would file a response.   Plaintiff's counsel did not wish to agree that her disclosures were inadequate.   As a result, Defendants filed the initial motion for extension  (*See* Exhibit A).

3.    Counsel for NSM made numerous attempts to contact Plaintiff's counsel over the past week to see whether Plaintiff would agree to the requested extension.  Counsel for NSM and counsel for Plaintiff traded several emails and several voicemails, but, due to Plaintiff's counsel being out of the office on other matters, they were unable to catch up with one another.  Over voicemail, Plaintiff's counsel indicated that she would not oppose an extension of Defendants' expert disclosure deadline, but that she would like the opportunity to explain her situation with regard to Plaintiff's disclosure of experts.  As stated above, Plaintiff's counsel finally stated her unwillingness to consent over voicemail the morning of September 27th. Defendants filed their motion as a result.

4.    For these reasons, because Defendants have attempted to be diligent in their efforts to meet the Court's deadline without the necessity of the Court's

intervention, Defendants request that the Court reconsider its earlier Order and grant Defendants' requested extension.

5.    This Court's order of September 27, 2007, states the dispositive motion cutoff is upon us.  In fact, the dispositive motion cutoff is months off, in February 2008.

6.    Alternatively, should the Court be inclined to deny Defendants' motion to reconsider, in spite of the repeated efforts to address these issues without Court intervention, then Defendants move to strike Plaintiff's expert disclosures as non-compliant with FED. R. CIV. P. Rule 26 (a)(2) and this Court's Uniform Scheduling Order (attached hereto as Exhibit X).  First Rule 26 provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Second, the Court's Uniform Scheduling Order states:

5

> The parties shall disclose to each other the identify of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure as follows:
>
> From the plaintiff(s) on or before August 31, 2007. From the defendant(s) on or before September 28, 2007.
>
> The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

Plaintiff's counsel's disclosure merely provided names. *See* Exhibit O. As a result, it is impossible for Defendants to meet their own obligations under Rule 26. As a result, if this Court is inclined to deny Defendants' motion to reconsider, then Defendants have no option left. They must move to strike Plaintiff's experts.

7.    Plaintiff's counsel informed Jack Wallace by telephone today that she does not oppose Defendants' request for an extension of time.

8.    This motion is being filed by NSM on behalf of all of the Defendants with their approval.

WHEREFORE, Defendants respectfully move the Court to grant this request for extension of time to allow Defendants thirty days after their receipt of Plaintiff's Rule 26 compliant expert disclosures, or thirty days after Plaintiff's deposition, or thirty days after the depositions of Plaintiff's retained experts,

whichever is longer, to serve their expert disclosures. Alternatively, Defendants

move to strike Plaintiff's experts.


                                        Respectfully submitted,

                                        s/ Charles A. Stewart III
                                        Charles A. Stewart III (STE067)
                                        Bradley Arant Rose & White LLP
                                        The Alabama Center for Commerce
                                        401 Adams Avenue, Suite 780
                                        Montgomery, AL 36104
                                        Telephone: (334) 956-7700
                                        Facsimile: (334) 956-7701

                                        Elizabeth B. Mitchell (BRI050)
                                        Bradley Arant Rose & White LLP
                                        One Federal Place
                                        1819 Fifth Avenue North
                                        Birmingham, AL 35203-2104
                                        Telephone: (205) 521-8000
                                        Facsimile: (205) 521-8800

                                        **Attorneys for Defendant**
                                        **National Seating & Mobility, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Deborah M. Nickson
Attorney for Petitioner
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116

Dorman Walker
Balch & Bingham
P.O. Box 78
Montgomery, AL 36101

Jack W. Wallace, Jr.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

s/ Charles A. Stewart III
Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701