IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-cv-526-MHT |
| | ) |
| DON WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR A PROTECTIVE ORDER**

Comes now the Alabama Department of Mental Health and Mental Retardation [hereinafter Department] and would show unto this Court as follows:

1. On January 10, 2008, a Subpoena for Production of Documents pursuant to Rule 45 of the Federal Rules of Civil Procedure, was issued to Greil Memorial Psychiatric Hospital, a facility of the Department. This Subpoena required that certain documents related to ELIZABETH WALTON HORTON be produced to the Defendant.

2. Greil Hospital is a facility of the Department. The Department does have records concerning the above named individual; however, the records requested contain privileged and confidential information, and the relevancy of those privileged records to this suit, as far as is known by the Department, has not been established so as to warrant release of records afforded state and federal privacy protections.

3. Ala. Code §22-50-62 provides that the Department is not required to release patient records without a court order.

4.  The Custodian of Records of Greil Hospital is not authorized to produce copies of privileged psychological/psychiatric or counseling records on this patient. Any such records are protected from disclosure by Alabama law, namely Ala. Code §34-26-2, which provides:

> For the purpose of this chapter, the confidential relations and communications between licensed psychologists and licensed psychiatrist and clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed;

The records are also protected by Ala. Code §34-8A-21, which provides:

> For the purpose of this chapter, the confidential relations and communications between licensed professional counselor or certified counselor associate and client are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.

5.  This motion is submitted in order to protect the Department in connection with releasing records which are privileged and protected from disclosure by state and federal law requiring that relevance to the case at hand be established prior to disclosure.

6.  Should this Court order the release of the requested records, the Department respectfully requests that a Protective Order be entered stating that the records ordered to be produced are relevant to the subject matter of the case at hand, and, to the extent that privileged documents are being produced, finding that the documents come within one of the exceptions to the privilege. The Department further requests that the Court subject the release of any and all records of Elizabeth Walton Horton to the following conditions:

   a. The Department will produce the records to the Court.

   b. The Court will review the records "in camera". Thereafter, the Court will determine which documents should be produced to the parties and which documents or portions of documents can be censored, to remove names, confidential reports, or other nonrelevant or nonmaterial matters to the case for which the documents are sought.

    c. The Court will then produce the documents (censored as necessary) to the lawyers and parties.

    d. Neither the Department, nor the Custodian of Records of Greil Hospital, nor any employee of the Department shall have any civil or criminal liability for producing the documents as ordered by this Court.

    e. The production of the records shall be subject to the following conditions:

        1) All parties and all other persons identified below who receive access to the documents or information shall maintain the confidentiality of the records and the records may be used only for the purpose for which they are released by the Court.

        2) The parties and their lawyers shall not disclose any of the information or documents to anyone other than: (a) the Court, or Court officials connected with this case; (b) other parties and their attorneys in this case; (c) employees or agents of parties or their attorneys, when necessary in connection with this case; (d) persons expected to be witnesses in this case, to the extent reasonably necessary to the preparation or giving of their testimony; (e) consultants or experts retained to assist attorneys in this case; and (f) any person who has previously had legal access to the information or documents.

        3) If the parties disclose any of the requested information or documents to any of the persons listed in (2) herein above, they shall inform that person of the requirement of confidentiality.

    3. Any subpoenaed documents from any psychologist or psychiatrist or social worker or counselor or other employee associated with the Department that are admitted into evidence or made a part of the records of this case shall be placed under seal and will not be available for public inspection.

These premises considered, the Department respectfully requests that this Court enter the above described Protective Order. A copy of a proposed Protective Order is attached for the convenience of the court and parties.

                        Respectfully submitted,

        TROY KING (KIN047)
        ATTORNEY GENERAL

        /s/ Tamara R. Pharrams
        TAMARA R. PHARRAMS (PHAR1739)
        Assistant Attorney General

        COURTNEY W. TARVER (TAR009)
        Deputy Attorney General &
        General Counsel, DMH/MR

Alabama Department of Mental Health
    And Mental Retardation
100 N. Union St.
P.O. Box 301410
Montgomery, AL 36130-1410
334-242-3038 (phone)
334-242-0924 (fax)
courtney.tarver@mh.alabama.gov
tamara.pharrams@mh.alabama.gov

CERTIFICATE OF SERVICE

     I hereby certify that on 23rd day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Deborah Moore Nickson, Esq.
2820 Fairlane Drive
Suite A-10
Montgomery, Alabama  36116

Charles A. Stewart, III, Esq.
Bradley, Arant, Rose & White LLP
The Center for Commerce
Suite 780, 401 Adams Avenue
Montgomery, Alabama  36104
Dorman Walker, Esq.
Kelly Fitzgerald Pate, Esq.
Balch & Bingham

4

P. O. Box 78
Montgomery, Alabama  36101-0078

Elizabeth Brislin Mitchell, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL  35203

Jack W. Wallace, Jr., Esq.
Office of the Attorney General
General Civil
11 South Union Street
Montgomery, Alabama  36130

William O. Butler, III, Esq.
Alabama Medicaid Agency
P. O. Box 5624
501 Dexter Avenue
Montgomery, AL  36103-5624

/s/ Tamara R. Pharrams
TAMARA R. PHARRAMS

5