IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-cv-526-MHT |
| | ) |
| DON WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER REGARDING RELEASE OF RECORDS BY THE ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION**

The Alabama Department of Mental Health and Mental Retardation [hereinafter Department] has filed a motion for protective order regarding the release of the records of Elizabeth Walton Horton, and has proposed the terms of the protective order in its motion. The Court finds that the records of Elizabeth Horton which are in the possession of the Department to be relevant to the case at hand. The Court further finds that, to the extent that privileged documents are included in the materials being produced, the issues being considered in this matter create an exception or a waiver of the normal privilege accorded such documents. Finally, the Court finds that the terms of the protective order proposed by the Department are appropriate and warranted under state and federal law. Accordingly, this Court does enter a Protective Order pertaining to the release of any and all records pertaining to Elizabeth Walton Horton, including privileged and confidential psychiatric/psychological and/or counseling records, maintained by the Department.

It is therefore hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Custodian of Records of the Department is ordered to release the records of Elizabeth Walton Horton (as described in the Subpoena issued to the Department by this Court on January 10, 2008) to the undersigned Judge of the United States District Court for the Middle District of Alabama.  The records shall be produced in a sealed envelope with the style of the case appearing on the outside of the envelope.

2.      The Court will review the records "in camera."  Thereafter, the Court will determine which documents should be produced to the parties and which documents or portions of documents can be censored to remove names, confidential reports, or other material not relevant or not material to the case for which the documents are sought.

3.      The Court will then produce the documents (censored as necessary) to the lawyers and parties.

4.      Neither the Department, nor the Custodian of Records of the Department, nor any employee of the Department shall have any civil or criminal liability for producing the documents as ordered by this Court.

5.      The production of the records shall be subject to the following conditions:

a.      All parties and all other persons identified below who receive access to the documents or information shall maintain the confidentiality of the records and the records may be used only for the purpose for which they are released by the Court.

b.      The parties and their lawyers shall not disclose any of the information or documents to anyone other than:  (1) the Court, or Court officials connected with this case; (2) other parties and their attorneys in this case; (3) employees or agents of parties or their attorneys, when necessary in connection with this case; (4) persons expected to be witnesses in this case, to the extent reasonably necessary to the preparation or giving of their testimony; (5) consultants or

experts retained to assist attorneys in this case; and (6) any person who has previously had legal access to the information or documents.

   c.  If the parties disclose any of the requested information or documents to any of the persons listed in (2) herein above, they shall inform that person of the requirement of confidentiality.

  6. Any of the documents so produced by the Department that are admitted into evidence, or made a part of the records of this case, shall be placed under seal and will not be available for public inspection.

  7. At the conclusion of the above-styled litigation, any and all records released under this order shall be returned to the Custodian of Records at the Department.

  DONE and ORDERED this _____ day of _____, 2008.

                _____
                UNITED STATES MAGISTRATE JUDGE

Charles A. Stewart, III, Esq.
Bradley, Arant, Rose & White LLP
The Center for Commerce
Suite 780, 401 Adams Avenue
Montgomery, Alabama 36104

Tamara R. Pharrams, Esq.
Assistant Attorney General
Courtney W. Tarver, Esq.
Deputy Attorney General
 & General Counsel
State of Alabama Department of Mental Health
 and Mental Retardation.
P.O. Box 301410
Montgomery, AL  36130-1410

Deborah Moore Nickson, Esq.
2820 Fairlane Drive

3

Suite A-10
Montgomery, Alabama  36116

Elizabeth Brislin Mitchell, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL  35203

Jack W. Wallace, Jr., Esq.
Office of the Attorney General
General Civil
11 South Union Street
Montgomery, Alabama  36130

William O. Butler, III, Esq.
Alabama Medicaid Agency
P. O. Box 5624
501 Dexter Avenue
Montgomery, AL  36103-5624