IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 02:06-CV-00526-MHT |
| | ) |
| DON WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

### MOTION TO STRIKE SUBMITTED BY
### NATIONAL SEATING AND MOBILITY, INC. AND DON WILLIAMS

Defendants National Seating and Mobility, Inc. (NSM) and Don Williams (Williams) (collectively "Defendants"), in order to protect the record in this case, respectfully move the Court to strike portions of plaintiff Elizabeth Horton's evidence submitted in opposition to Defendants' Motion for Summary Judgment, and, in support thereof, state as follows:

#### HEARSAY

1. Plaintiff's affidavit and certain deposition testimony upon which she relies in oppositions to Defendants' motion for summary judgment are replete with inadmissible hearsay not within any recognized exception, constitute rank speculation, set forth mere conclusory statements and, thus, must be stricken.

2. In her affidavit (*see* attached Horton highlighted affidavit at Tab A), Horton states: "Retired special agent Michael Roeder apologized to me after I was acquitted on the charge of filing a false report with a law enforcement agency. He further informed me that defendant Shockley was upset with me because I did not meet with him for an interview." (Horton Aff. at ¶ 10.) Michael Roeder is not a defendant in this action. Plaintiff's statements are

plainly alleged out of court statements being offered for the truth of the matters asserted. Therefore, the statements are inadmissible hearsay. *See* Fed. R. Evid. 801, 802.

3. Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, affidavits "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Accordingly, hearsay testimony in an affidavit is improper and must be stricken.

4. Similarly, in her brief Plaintiff argues "Ms. Barrow testified that she was informed by a therapist that they were told not to place dates on the forms submitted by defendant National Seating and Mobility, Inc. (hereafter, "NSM")." (doc. no. 77 at 4; *accord* 6 (citing Johnson depo. at 39:21; 40:1).) This is double hearsay, which must be excluded. The alleged statement from NSM to the purported therapist is an out of court statement being offered for the truth of the matter asserted, as is the purported statement of the therapist to Felicia Barrow.

5. "The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment. However, if hearsay evidence can be 'reduced to admissible form' at trial, it may be considered." *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1298 (M.D. Fla. 2002) (citing *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)). On this point, the Eleventh Circuit has held:

> We believe that the courts have used the phrases "reduced to admissible evidence at trial" and "reduced to admissible form" to explain that the out-of-court statement made to the witness . . . must be admissible at trial for some purpose. For example, the statement might be admissible because it falls within an exception to the hearsay rule, or does not constitute hearsay at all (because it is not offered to prove the truth of the matter asserted), or is used solely for impeachment purposes).

*Macuba*, 193 F.3d at 1322-24 (holding district court erred in considering certain evidence on summary judgment because (1) it was "rank hearsay;" (2) the statements did not fall within any

190536.1                                                         2

exception to the hearsay rule; and (3) "even though the statements . . . might be admissible to impeach [the affiant] . . . they would not be admissible as substantive evidence."); *accord, e.g. Keith v. MGA, Inc.*, 2006 WL 987154, at *4 n.4 (M.D. Ala. April 14, 2006) (striking hearsay portions of affidavit submitted on summary judgment); *Home Oil co., Inc. v. Sam's East, Inc.*, 252 F. Supp. 2d 1302, 1308 (M.D. Ala. 2003) (granting motion to strike hearsay evidence submitted in opposition to summary judgment motion).

6. The hearsay statements Horton offers in opposition to Defendants' motion for summary judgment cannot be reduced to admissible form. Horton's reliance on the above-mentioned hearsay statements is misplaced, and the statements must be stricken.

### IMPROPER AND UNSUPPORTED CONCLUSIONS

7. In her brief in opposition, Horton relies on a number of legal conclusions made by fact witnesses and, accordingly, to which those witnesses are not competent to testify.

8. Citing to the deposition of the former Assistant Director of the Alabama Medicaid Agency's Prior Approval Unit, Felecia Barrow, Horton argues that "[t]he failure to place a correct date [on a delivery ticket] is tantamount to fraud." (doc. no. 77 at 5 (citing Barrow depo. at 40:17).) Horton further relies on the following similar statement: "Ms. Barrows testified that manipulation of dates constitutes fraudulent billing practices." (*Id.* (citing Barrow depo. at 44:18 & 45:1).)

9. These statements, made by a fact witness, are not statements of fact, but are, instead, conclusions of law. A fact witness is not competent to make such bold conclusory – legal – allegations. Accordingly, these statements are not proper evidence in opposition to summary judgment and must be stricken. *See Sun Protection v. Tender Corp.*, 2005 WL 2484710, at *7 (M.D. Fla. Oct. 7, 2005) (refusing to consider conclusory affidavits on summary judgment); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989) (holding that a non-moving

190536.1                                    3

party's evidence containing conclusory allegations was insufficient); *see also Griffin v. City of Clayton*, 932 F. Supp. 1357, 1358-59 (M.D. Ala. 1996) (striking affidavit submitted in opposition to defendant's motion for summary judgment where the "'opinion' is not offered to assist a trier of fact in determining a fact in issue, rather he offers a purely 'legal opinion' to assist the court in determining the law).[1]

10. In her affidavit, Horton states that "[d]uring the course of my employment with National Seating and Mobility, Inc., NSM was interested only in profits not how its employees arrived at the profit." (Tab A at ¶ 8.) Horton sets forth no facts in support of this statement.

11. Rules 56(e) requires an affirmative showing "that the affiant is competent to testify to the matters stated therein." The Eleventh Circuit "'has consistently held that conclusory allegations without specific supporting facts have no probative value.'" *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (quoting *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). Affidavits must set "'forth specific facts to show why there is an issue for trial.'" *Leigh*, 212 F.3d at 1217 (quoting *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978)). Accordingly, Horton's factually unsupported opinion testimony is improper and must be stricken.

### INCONSISTENT AND IMMATERIAL STATEMENTS

12. Horton states in her brief in opposition to Defendants' motion for summary judgment that "Ms. Barrow testified that a wheelchair assessment form which did not have a date

---

[1] In addition, in the first paragraph on page six of her brief, Horton appears to rely on a similar improper legal conclusion, although the sentence and its exact import are unintelligible. (doc. no. 77 at 6 "Mr. Johnson testified to assessment questioned by another person regarding obtaining dates from an employee of NSM is where the fraud occurred." (citing Johnson's depo. at 30:14; 31:1).) In addition, the statement cited to in Cliff Johnson's deposition is clearly hearsay as it refers to statements of a nurse made out of court and offered for the truth of the matter asserted and to statements made to that nurse by another party. These statements are not proper evidence in opposition to Defendants' motion for summary judgment.

was a violation of policy." (doc. no. 77 at 4.) Horton further argues in her brief that "Ms. Barrow admitted that one of plaintiff's complaints was the request b NSM to place any date on the forms." (*Id.* at 5.) These statements are immaterial and irrelevant as they have nothing to do with whether Defendant Don Williams or Defendant NSM encouraged or otherwise supported the decision of the Attorney General's Office to pursue against Horton a claim for making a false report.[2]

13.    As further evidence of the immateriality of these statements and contrary to them, Horton testified in her deposition that she never made a complaint to Medicaid regarding missing dates. (Horton depo. at 164:8-17.) Horton also testified that Williams never asked her to date incomplete forms. (*See* Horton depo. at 87:7-88:5; 304:10-308:6.)

14.    Horton argues in opposition to Defendants' motion for summary judgment that "[i]n this case then it is plausible to infer that there was at the minimum a tacit understanding amongst defendant Williams and defendant Shockley that irregardless of the evidence plaintiff would be arrested and prosecuted." (doc. no. 77 at 9.) Contrary to this argument, Horton plainly testified in her deposition that she was not alleging a conspiracy between the State and defendants Williams and NSM. (Horton depo. at 229:22-230:14; *accord* 230:15-232:8.)

15.    The above-mentioned statements are irrelevant and immaterial to the issues before this Court on Defendants' motion for summary judgment and are therefore due to be stricken. *See* Fed. R. Evid. 401 and 402

### UNAUTHENTICATED DOCUMENTS

16.    Horton attaches Exhibit 6 (attached here at Tab B) to the deposition of Felicia Barrow as evidence in support of her brief in opposition to Defendants' motion for summary

---

[2] Additionally, the citations to the deposition of Felecia Barrows given in support of the foregoing statements do not support them and are erroneous.

190536.1

5

judgment. This document purports to be a memorandum from Felecia Barrow attaching "assessments . . . conducted by Gerry Rodgers . . . and one of Michael Maddox." (*See* Barrow depo. at 32:18-18.) Felecia Barrow cannot authenticate the attached documents purporting to be from these doctors and physical therapists (Rogers, Maddox, and/or Joseph Curtis).

17. "In order for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence." *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D. Ga. 1993) (citing 10A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2722, at 58-60) (other citations omitted); *see also Lugue v. Hercules, Inc.*, 12 F. Supp. 2d 1351, 1355-56 (S.D. Ga. 1997) ("Documents which are not properly authenticated and verified do not meet the requirements of Rule 56(e) and should not be considered when evaluating a motion for summary judgment"). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

18. This exhibit and its attachments, therefore, must be stricken. *See First National Life Ins. v. California Pacific Life*, 876 F.2d 877, 881 (11th Cir. 1989) (affirming summary judgment where nonmoving party offered only unauthenticated documents in opposition to summary judgment); *Sun Protection Factory, Inc.*, 2005 WL 2484710, at *6 (refusing to consider on summary judgment unauthenticated printouts from websites).

## CONCLUSION

Based upon the foregoing, Defendants Don Williams and NSM respectfully request this Court to enter an Order striking the portions of Horton's evidence cited herein in order to protect the record. Moreover, because Horton has failed to demonstrate the existence of a genuine issue

of material fact, Defendants' respectfully request this Court to grant summary judgment in their favor.

Respectfully submitted March 19, 2008.

s/ Kelly F. Pate
Dorman Walker (WAL086)
Kelly F. Pate (FIT014)
Balch & Bingham
P.O. Box 78
Montgomery, AL 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
**Attorneys for Defendant Don Williams**

s/ Charles A. Steward, III
Charles A. Stewart, III (STE067)
Quindal C. Evans (EVA040)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
**Attorneys for National Seating & Mobility, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Deborah M. Nickson
Attorney for Petitioner
2820 Fairlane Drive, Suite A-10
Montgomery, Alabama 36116

Jack W. Wallace, Jr.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

s/ Kelly F. Pate
Of Counsel

190536.1