IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 02:06-CV-00526-MHT-DRB |
| | ) |
| DON WILLIAMS, et al., | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANT SHOCKLEY'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION FOR SUMMARY JUDGEMENT**

Comes now Defendant Gerald Shockley, by and through counsel, Troy King, Attorney General of Alabama, and Jack Wallace, Jr., Assistant Attorney General, to file his reply to the Plaintiff's response to his motion for summary judgement.

**FACTUAL MATTERS**

1.  The Plaintiff was arrested for False Reporting to Law Enforcement Authorities as provided in Ala. Code 1975 §13A-10-9, specifically, for giving a false official report to a law enforcement officer employed by the Attorney General's Office on 15 April 2005, not for making a report to the Alabama Medicaid Agency as stated by Plaintiff. (DE E, First Shockley Affidavit, Attachment 4).

2.  Defendant Shockley appeared before a Montgomery County District Court magistrate for the purpose of filing a criminal complaint against the Plaintiff. He appeared before the magistrate on 1 August 2005. His affidavit was narrowly drawn to allege only that the Plaintiff gave false information about 37 Medicaid recipients Horton said did not receive their

1

wheelchairs when in fact, they did receive said wheelchairs. Shockley determined that they in fact had received the wheelchairs during his investigation of the allegations. (DE E, First Shockley Affidavit, Attachment 4; DE F, Second Shockley Affidavit, Attachment A, Summary Report of Investigation, 0036-0038).

2. Plaintiff was tried and acquitted in the Montgomery County District Court on 26 September 2005. (Second Amended Complaint, paragraph 20.)

3. Alabama Medicaid Agency Chief Investigator Clifford Johnson received the allegations made by Horton about National Seating and Mobility on 23 September 2005. Anthony Green was directed to investigate the matters by his supervisor, Johnson. Green's investigation did not begin until 28 November 2005. (DE D, Deposition of Anthony Green, pages 15, 16; DE D, Exhibit 1, Bates Stamp 0001-0005.)

4. The Affidavit of the Plaintiff, Elizabeth Horton, dated 11 March 2008 and filed in support of her opposition to Defendant Shockley's motion for summary judgement, contains inadmissible hearsay. Specifically, Defendant Shockley objects to paragraph 10, in which the Plaintiff stated:

> Retired special agent Michael Roeder apologized to me after I was acquitted on the charge of filing a false report with a law enforcement agency. He further informed me that defendant Shockley was upset with me because I did not meet with him for an interview.

**REPLY ARGUMENT**

**I. After the fact investigation is not relevant to issues at hand**

The Plaintiff correctly states that Defendant Shockley did not provide this Honorable Court with facts developed by Investigator Anthony Green of the Alabama Medicaid Agency when he was given the file by his supervisor, Clifford Johnson, for investigation. Johnson did

not give the file to Green until 28 November 2005, two days after the Plaintiff was acquitted. Any facts resulting from this investigation have absolutely no relevance to the issue of the facts known by Defendant Shockley on 1 August 2005 when he appeared before the magistrate to file the criminal complaint against the Plaintiff. As stated in his affidavit that he submitted to the magistrate of the Montgomery County District Court, Defendant Shockley alleged that the Plaintiff gave a false report to law enforcement officers when she gave a list of 37 names to Special Agent Michael Roeder of persons that had complained to her of not receiving their wheelchairs. He considered this to be a false report after contacting 24 of the 37 persons named by the Plaintiff only to find that they had all received their wheelchairs, contradicting the Plaintiff emphatically.

The facts alleged by the Plaintiff in her Response on pages 2 – 6 simply have no relevance to the issue at hand, which is, the facts known by Defendant Shockley at the time that he filed the criminal complaint. The Plaintiff discusses every single allegation about NSM save one, the allegation concerning the 37 wheelchairs allegedly not delivered which was the basis for her prosecution.

As stated by the Supreme Court in *Malley v. Briggs,* 475 U.S. 335, 344-345 (1986), the gravamen is:

> whether a reasonably well-trained officer ... would have known that his affidavit failed to establish probable cause and that he should not have applied for a warrant. If such was the case, the officer's application for a warrant was not objectively unreasonable, because it created the unnecessary danger of an unlawful arrest.

The "substance of all the definitions of probable cause is a reasonable ground for belief of guilt," *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879, and that belief must be particularized with respect to the person to be searched or seized, *Ybarra v.*

3

*Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238. To determine whether an officer had probable cause to make an arrest, a court must examine the events leading up to the arrest, and then decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to" probable cause. *Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911.

"In determining whether qualified immunity exists, the issue is not probable cause in fact but 'arguable' probable cause. Actual probable cause is not necessary for an arrest to be objectively reasonable." *Von Stein v. Brescher,* 904 F.2d 572, 578 (11th Cir .1990) (citation and internal quotes omitted).

The Plaintiff seeks to muddy the waters by discussing every single allegation that she made against National Seating and Mobility EXCEPT the single untrue allegation that was the basis of the criminal charge, to wit, that NSM failed to deliver 37 wheelchairs to patients that had been paid for by Medicaid. That is the only pertinent allegation. Through his investigation, Defendant Shockley contacted 24 of those persons who were alleged not to have received their wheelchairs and found that each had in fact received their wheelchairs. Shockley was unable to locate a single person who did not receive his wheelchair. Shockley had more than arguable probable cause. Clearly, the facts cited by the Plaintiff, developed after the arrest, are not relevant or material to the issue of whether there was arguable probable cause in Shockley's view of the evidence. The facts presented by the Plaintiff to muddy the water are all irrelevant because she totally fails to address the single pertinent allegation, that NSM defrauded Medicaid by failing to deliver wheelchairs to Medicaid recipients. None of the allegations that the Plaintiff avers that Shockley ignored were the basis of her arrest.

"Objectively, officers should not be permitted to turn a blind eye to exculpatory information that is available to them, and instead support their actions on selected facts they [choose] to focus on." *Kingsland v. City of Miami*, 382 F.3d 1220, 1228 (11th Cir. 2004). There is absolutely no evidence that Defendant Shockley turned a blind eye to any exculpatory evidence or circumstances related to the false and fraudulent allegation by Elizabeth Horton that NSM defrauded Medicaid by failing to deliver 37 wheelchairs to Medicaid recipients that she named by personally placing checkmarks by their names on a list provided to her by Michael Roeder, a law enforcement officer employed by the Alabama Attorney General's Office on the day that Roeder interviewed Horton, 15 April 2005. That was the one and only basis for her prosecution and the Plaintiff has not produced even a scintilla of evidence about this issue.

## II. Inadmissible Hearsay in Plaintiff's Affidavit.

The Plaintiff supported her opposition to the Defendant's motion for summary judgement with her affidavit that is dated 11 March 2008. Paragraph 10 of the affidavit contains inadmissible hearsay, to wit,

> Retired special agent Michael Roeder apologized to me after I was acquitted on the charge of filing a false report with a law enforcement agency. He further informed me that defendant Shockley was upset with me because I did not meet with him for an interview.

Shockley objects to the use of this inadmissible hearsay and has moved to strike said language from the affidavit.

As this court held in *Bozeman v. Orum,* 199 F.Supp.2d 1216, 1222 (M.D.Ala.2002), inadmissible hearsay cannot be considered on a motion for summary judgment. *See also Macuba v. Deboer,* 193 F.3d 1316, 1322 (11th Cir.1999). However, if this hearsay can be "reduced to admissible form" at trial, it may be considered. *Macuba,* 193 F.3d at 1323 (citing several cases).

In addition, even though a document, deponent, or affiant refers to hearsay information, that information may be considered on summary judgment if it would be admissible at trial under an exception to the hearsay rule or as non-hearsay. *Id.* at 1323-24. Therefore, to resolve the motions for summary judgment, the court must determine whether the statements that Mike Roeder, who is not a party to this action, allegedly made to the Plaintiff qualify as non-hearsay.

At the outset of this analysis one must first note that Roeder is not a party to this action. At the time of trial when the comments were allegedly made he was retired, as of 1 May 2005, and no longer worked for the Attorney General's Office. He was not the agent of Defendant Shockley. There are no allegations in the complaint of a conspiracy.

Federal Rules of Evidence 801 (c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802 provides that hearsay is not admissible except as provided by the rules of evidence or by other rules prescribed by the Supreme Court pursuant to legal authority.

As with many matters, it is the exceptions that actually define the rule and the hearsay exceptions are set forth in Rule 803. The statement contained in paragraph 10 of the affidavit, to wit, "[Michael Roeder] further informed me that defendant Shockley was upset with me because I did not meet with him for an interview" does not fall within any of the exceptions to hearsay nor is it otherwise admissible. The fact that the statement was made by Roeder has no independent significance and is of no value to the Plaintiff. The only reason that said statement is offered is for the truth of the matter stated, for the purpose of implying malice or other malicious intent to Shockley, which is an essential element of a state law claim of malicious prosecution, *Delchamps, Inc. v. Bryant,* 738 So.2d 824, 831-33 (Ala.1999), The fact that the

6

statement was made by Roeder has no independent significance and is of no value to the Plaintiff except for the truth of the matter stated. It is hearsay and not admissible.

## CONCLUSION

The Defendant respectfully submits that there is no issue of material fact and he is entitled to a judgement as a matter of law.

Respectfully submitted on this the 19th day of March, 2008.

                                          TROY KING
                                          ATTORNEY GENERAL

                                          /s/ *Jack Wallace, Jr.*
                                          Jack Wallace, Jr.
                                          Assistant Attorney General

Address of Counsel:
Office of the Attorney General
11 South Union Street
Montgomery, AL  36130
334.353.8671
334.242.2433 - fax
JWallace@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 19th day of March, 2008, electronically filed the foregoing with the Clerk of Court using the CM/ECF. The Clerk of Court using the CM/ECF system will send notification of this filing to the following:

Deborah M. Nickson
Attorney at Law

Charles Stewart, III
Laura Domm Taaffe
Quindal C Evans
Elizabeth Brislin Mitchell
Bradley, Arant, Rose & White, LLP

William O. Butler, III
Alabama Medicaid Agency

Dorman Walker
Kelly F. Pate
Balch & Bingham LLP

Courtney Tarver
Tamara Pharrams
Alabama Department of Mental Health
and Mental Retardation

/s/ *Jack Wallace, Jr.*