IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ELIZABETH HORTON,

    Plaintiff,

vs.

                          CASE NO. 02:06-CV-00526-MHT-DRB

DON WILLIAMS, et al.,        )

    Defendants.          )

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE

COME NOW the Plaintiffs and respond to what the Defendants have labeled Motion to Strike, but which appears in part to be merely a continuation of the Defendants' Reply Brief:

### GENERAL OVERVIEW

1. Defendant, Gerald Shockley has moved incorrectly to strike in his words "Paragraph 10 from Plaintiffs affidavit filed in opposition to the Defendant's motion for summary judgment. As grounds for his motion, Defendant Shockley respectfully represents that paragraph 10 contains hearsay that is inadmissible under the Federal Rules of Evidence or any other rules or statutes."

2. Defendants National Seating and Mobility, Inc (NSM) and Don Williams moves incorrectly to strike Plaintiff's affidavit and certain deposition testimony upon which she relies in did not move to strike in any way the affidavit of Andrea Shelton nor did they move to strike in any way the affidavit of Cynthia Marshall, Andrea Shelton's mother. (NSM, Motion to Strike ¶1.) legal conclusions (NSM, Motion to Strike ¶7.) inconsistent and immaterial statements. (NSM, Motion to Strike ¶12.) unauthenticated documents (NSM, Motion to Strike ¶16.)

## RESPONSE TO DEFENDANT, GERALD SHOCKLEY 'S MOTION

Fed.R.Civ.P., Rule 56(e) requires that affidavits supporting and opposing a motion for summary judgment...set forth facts that will be admissible in evidence should the matter go to trial. This rule is not, however, a blanket prohibition against hearsay in affidavits and testimony submitted in support of a summary judgment motion. Rather, such evidence may be relied on by the Court if the information contained therein falls within one of the exceptions to the prohibition of the admission of hearsay into evidence. *Bruce E. Committee v. Dennis Reimer Co., L.P.A.,* 150 F.R.D. 495 (D.C. VT 1993); *H. Sand & Co. v. Airtemp Corp.,* 934 F.2d 450, 454-55 (2d Cir. 1991). Moreover, hearsay evidence may be considered by the Court in response to motion for summary judgment provided that out of Court declarant is available to present evidence through direct testimony. *Tatum v. Cordes Corp.,* 758 F. Supp. 457 (M.D.Tenn 1991). In addition, the Supreme Court has held that evidence opposing a summary judgment motion need not be a form admissible at trial and that the party opposing a summary judgment motion need not depose its own witnesses in order to put their testimony into a form admissible at trial, there is authority that if a hearsay statement is reducible to admissible evidence, because the affiant is repeating the statements of a witness who would be available at trial and able to testify directly, the affidavit should be considered. *Celotex Corp. v Catrett,* 477 US 317, 91 L Ed 2d 265, 106 S Ct 2548, (1986).

With regards to the attack on paragraph 10 there is no showing that the witness referred to Mr. Michael Roeder would be unavailable at the trial to testify concerning the information contained in paragraph 10 of the affidavit that is under attack. Therefore we submit that paragraph 10 of the affidavit regarding Mr. Michael Roeder is inadmissible hearsay.

## RESPONSE TO DEFENDANTS NATIONAL SEATING AND MOBILITY, INC (NSM) AND DON WILLIAMS 'S MOTION

*Hearsay*

In paragraph 1 of the Motion defendants cites no authorities in support of their assertion that Plaintiff's affidavit and certain deposition testimony relied on by her are replete with inadmissible hearsay, not within any recognized exception, constitute rank speculation, set forth mere conclusory statements." With regards to Mr. Michael Roeder's statement to plaintiff we adopt the argument set forth in the response to Defendant Shockley's motion.   The statement of plaintiff in paragraph 10 is being offered to show Defendant Shockley's proclivities and not necessarily to prove the truth of the matter asserted. However, hearsay declarations may be admissible to prove the truth of the matter asserted based on particularized guarantees of trustworthiness. In this case for example there is testimony that no other person who had issue similar complaint had been prosecuted because the investigation did not pan out. *Federal Rules of Evidence*, Rule 807.

Response to paragraphs 3 and 4. As noted above, Supreme Court has held that evidence opposing a summary judgment motion need not be a form admissible at trial and that the party opposing a summary judgment motion need not depose its own witnesses in order to put their testimony into a form admissible at trial, there is authority that if a hearsay statement is reducible to admissible evidence, because the affiant is repeating the statements of a witness who would be available at trial and able to testify directly, the affidavit should be considered. *Celotex Corp. v Catrett,* 477 US 317, 91 L Ed 2d 265, 106 S Ct 2548, (1986).

*Improper and Unsupported Conclusions*

Defendants seek to strike Plaintiff's reference to the deposition testimony of Felicia Barrows.

This situation is similar to the one presented in *United States v. Barile,* 286 F.3d 749 (4th Cir. 2002). In *Barile*, the defendant was convicted of making materially false statements to the Food and Drug Administration. Id. at 752. At trial the district court excluded the prior inconsistent statements of a government witness. Id at 753-754. One of the grounds on which the court excluded the prior statements was that the statements included legal conclusions as to whether any misrepresentations were material. The Court of Appeals reversed the district court, finding that the witness' statements did not constitute impermissible legal conclusions. The court stated that "evidence of what information a reviewer of 510(k) submissions deems important does not constitute opinion testimony on the ultimate issue of materiality." Id. at 756. The appellate court then stated that "such evidence will greatly assist the jury in its determination of whether any false statements were material." Id.

Ms. Barrow's testifies as to what defendants failed to do concerning placing dates on delivery tickets and the effects should not as defendants be stricken in the context of whether the action could be construed as fraudulent in nature. Additional we submit that Ms. Barrow because her job duties with the Medicaid Agency and her experience which defendants has not challenged she could opine in her testimony about the effects of not dating delivery tickets.

Ms. Barrow's did not merely conclude that there was fraudulent conduct in this case but testified as to the perception when there is a pattern of not dating delivery tickets, the conduct of the Defendants fell below the applicable standards of posting dates on delivery tickets.

Defendants argue that plaintiff set forth no facts in support of her statement that NSM was only interested in profits. (Defendants' Motion, ¶10)    .

It should be observed that allowable opinion testimony is not limited to that of experts. Opinion testimony of a lay witness is admissible if it is (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony on the determination of a fact at issue, and (c) not based on scientific, technical, or other specialized knowledge ...." Rule 701, Federal Rules of Evidence. Such testimony is allowable even as to the ultimate issue to be decided by the trier of fact. Id., Rule 704.

The United States Supreme Court Advisory Committee observed in its Note to a 1963 Amendment to Fed. R. Civ. P. 56(e): "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." The foregoing statement has particular pertinency when witnesses are testifying to their own state of mind. *Croley v. Matson Nav. Co.*, 434 F.2d 73 (5th Cir. 1970).

The state of mind of a witness is best known to the witness and, consequently, the evidence is generally within the control of the moving party. In particular, fraud, malice, good faith, etc., are generally incapable of adequate refutation without some confrontation such as cross-examination affords. See *Loveless v. Graddick*, 295 Ala. 142, 325 So. 2d 137 (1975) (malice). The opportunity to meet the witness in open court should not be denied in this context. *Colby v. Klune*, 178 F.2d 872 (2d Cir. 1949); *Toebelman v. Missouri-Kansas Pipe Line Co.*, 130 F.2d 1016 (C.C.A. 3d Cir. 1942).

It is undisputed that plaintiff while employed at the NSM office and the opportunity to observe the practice of the staff, listen to them, and be aware of the general climate of the office. Therefore we submit that she was in a position to testify concerning the factors that motivated the office in which she was employed.

*There Are No Inconsistent or Immaterial Statements In Plaintiff's Brief.*

Defendants seeks to have the statements in plaintiff's brief relating to wheelchair assessment forms which did not have a date was a violation of policy and NSM request to place any date on the forms stricken because they are irrelevant and immaterial before this Court on their motion for summary judgment, and further that plaintiff's deposition testimony that she never made a complaint to Medicaid regarding missing date, and that defendant Williams never asked her to date incomplete forms is evidence of the immateriality of the statement regarding the dating of the forms. Additionally defendant argues that the statement regarding the "tacit understanding between defendants Shockley and Williams is also immaterial. (Defendants, Motion to Strike, ¶¶ 12-15)

*Federal Rule of Civil Procedure 56(c)* provides that summary judgment shall be granted, "if the pleadings, Depositions, answers to interrogatories, and admissions on file, together with the affidavits.... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c).* An issue of fact is "material" if it is a legal element of the claim under applicable substantive law, which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Id.

As to the relevancy of a conspiracy we submit that defendants' reliance on a plaintiff's deposition testimony in such of the Motion to Strike is misplaced. A conspiracy ". . . can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct." *Thomas v. Roach,* 165 F.3d 137, 146 (2d Cir. 1999). It is well settled that in order to prove a civil conspiracy, a Plaintiff is not required to provide direct evidence of the agreement among the conspirators. *Hampton v. Hanrahan,* 600 F.2d 600, 620-624 (7th Cir. 1979).

The issue concerning the recording of dates we submit is material because it goes to the issue of why defendants Williams would provide false and misleading statement regarding the motive for the complaints against him and NSM attributed to plaintiff. The motives of defendant Shockley who was instrumental in the filing of criminal charges against the plaintiff because she could not meet with him at a time of his choosing for an interview is not immaterial in this case. Also, as argued in plaintiff's brief the statement of defendant Williams characterizing plaintiff as a disgruntled employee is material, especially in light of the undisputed facts that plaintiff left the employ of the service that assigned her to work at NSM was entirely voluntarily. Taken together the failure of defendant Shockley to investigate the reason why plaintiff was no longer employed by the service that assigned her to work at NSM, and the obvious facts that defendant Williams was trying to protect his job and livelihood is not irrelevant and immaterial.

*Unauthenticated Documents.*

Defendants assert in support of their Motion to Strike, that  the attachments to the memorandum prepared by Felecia Barrows should be struck because she cannot authenticate the said attachments. It is undisputed that the investigation of NSM was based primarily on that memorandum and the attachments to it.

Under Rule 901(b)(1) the Federal Rules of Evidence, the testimony of a witness with knowledge of a matter to the effect that it "is what it is claimed to be" is sufficient authentication. Similarly, paragraph (b)(7) of Rule 901 sanctions authentication by "[e]vidence that a writing authorized by law to be recorded or filed in a public office and in fact recorded or filed in a public office, or a purported public record, report, statement or data compilation, in any form, is from the public office where items of this nature are kept." Additionally, Rule 902(5), exempts from any requirement of extrinsic authenticity evidence any "[b]ooks, pamphlets, or

publications purporting to be issued by public authority". It is undisuputed that the

memorandum and the attachments are public records that was prepared by Ms. Barrows who at

the time was employed by a public agency.

An additional factor which argued against the granting of this Motion on this issue is that

the attached could be reduced to admissible evidence at trial. See, *Simmons v. Conseco Life

Insurance Company,* 170 F. Supp. 2d. 1215, 1219 (M.D. Fla. 2001) (holding that Federal Rule of

Civil Procedure 56 does not restrict a Court to consideration of only authenticated documents

and that a Court may consider unauthenticated documents, even if challenged, where it finds that

those records could be reduced to admissible evidence at trial.

### CONCLUSION

As noted in *Bush v. Barnett Bank of Pinellas County*, 916 F. Supp. 1244, 1256 (M.D. Fla.

1996), " . . . even though a document, deponent or affiant references hearsay information, that

information may be considered on summary judgment if it would be admissible at trial under an

exception to the hearsay rule or as non-hearsay." The glaring weakness in Defendants' argument

for granting the motion is their failure to show this Court that the evidence complained of by

them would not be admissible at trial under an exception to the hearsay rule or as non-hearsay.

Therefore, based on the above the Motion to Strike should be denied.

Respectfully submitted on this the
4th day of April 2008

Deborah M. Nickson
Atty for Plaintiff
2820 Fair Lane Dr. Ste. A-10
Mon To, AC 36116

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CERTIFICATE OF SERVICE

I, Deborah M. Nickson, do hereby certify that a true and correct copy of the foregoing Plaintiff's Response To Defendant's Motion To Strike has been served on all counsel and parties of record, by mailing a copy of the same in the U.S. Mail, envelope properly addressed and postage prepaid on this 4th day of April, 2008.

Deborah M. Nickson
Attorney for Plaintiff
2820 Fairlane Dr. Ste A-10
Montgomery, AL 36116
334-213-1233

Hon. Charles A. Stewart, III
Bradley, Arant , Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Ste. 780
Montgomery, AL. 36104
Cstewart@bradleyarant.com

Hon. Jack W. Wallace, Jr.
Office of the Attorney General
11 South Union Street
Montgomery, AL. 36130
JWallace@ago.state.al.us

Hon. Kelly Pate,
Hon. Dorman Walker
Balch & Bingham LLP
P.O. Box 78
Montgomery, AL. 36101
DWALKER@balch.com
kpate@balch.com

Hon. Quindal C. Evans
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Ave., Suite 780
Montgomery, Al 36104
qevans@bradleyarant.com