IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH HORTON, ) | |
| ) | |
| Ms. Horton, ) | |
| ) | |
| vs. ) | CASE NO. 02:06-CV-00526-MHT-DRB |
| ) | |
| DON WILLIAMS, et al., ) | |
| ) | |
| Williams. ) | |

### CORRECTED AFFIDAVIT OF MICHAEL ROEDER

1. Pursuant to 28 U.S.C. § 1746, I, Michael Roeder, certify that the following declaration is based upon my personal knowledge as well as business records kept in the ordinary course of business under my custody and control.

2. I am Special Agent Michael Roeder, with the Medicaid Fraud Control Unit of the Alabama Attorney General's Office.

3. In July 2004 I received a memorandum from Felecia Barrow, who at the time was the Associate Director of the Alabama Medicaid Agency, articulating allegations of fraudulent activity reported by a former employee of National Seating and Mobility ("NSM"). I duly investigated the allegations.

4. Barrow's memorandum alleged that a former employee of NSM (later identified as Elizabeth Horton) was willing to provide information about allegations that NSM was billing Medicaid for services NSM had not rendered, and was forging recipients' names on delivery tickets for equipment – that is, billing for equipment that NSM had not delivered to clients who were Medicaid recipients.



EXHIBIT
B

5. I have reviewed the notes regarding my investigation that are contained in the report of Gerald Shockley's investigation, and they are true and correct.

6. I interviewed Ms. Horton on April 15, 2005. At that time, she alleged that while working for NSM, the company billed the Alabama Medicaid Agency for wheelchairs that had not actually been delivered to NSM's clients, who were Medicaid recipients.

7. I showed Horton a computer printout of all billings made by NSM to Medicaid from October 1, 2003 until December 31, 2004. I asked Horton to review the printout and identify recipients she recognized as having not received a wheelchair. She placed a check mark next to 37 names, which she recognized as instances where wheelchairs were not received but that Medicaid was billed by National Seating & Mobility, Inc. A true and correct copy of the list, as marked by Horton, is attached to Gerald Shockley's August 11, 2005 report and is marked as "Horton v. Williams 0045 – 0051."

8. Subsequent to my interview of Horton, the remainder of the investigation into the allegations of fraud against NSM was handled by Senior Special Agent, Gerald Shockley.

9. I did not interview Emily or Don Williams during the course of my investigation, and they played no role in the investigation.

10. I had no communication with Don Williams about whether Horton should be prosecuted in relation to her claims that NSM had engaged in fraudulent billing practices.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 21st day of August, 2008.

_____
Michael Roeder

2