IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ELIZABETH HORTON,

    Plaintiff,

v.                                                         No. 02:06-CV-00526-MHT.

DON WILLIAMS, et al.,

    Defendants.

PLAINTIFF'S TRIAL BRIEF FILED IN COMPLIANCE WITH PRE-TRIAL ORDER

COMES NOW, Elizabeth Horton, Plaintiff in the above-captioned matter, by and through her Attorney and for her Trial Brief Filed in Compliance with Pre-Trial Order shows the Court as follows:

I. STATEMENT OF FACTS

In 2004, Plaintiff was, for two and a half months, a temporary worker at defendant National Seating and Mobility (hereafter "NSM") Plaintiff notified the temporary agency for which she worked that she was leaving for a better job and therefore would not be available to work at NSM. Plaintiff was never informed that her job performance was unsatisfactory to the extent that it could cause a problem with an agency that regulated NSM.

Plaintiff in observing NSM's business practices and statements made to her concerning the irregularities believed that NSM was not adhering to honest business conduct. Plaintiff informed Felicia Barrows who employed with the Alabama Medicaid Agency from 1999 until 2005, in the prior approval unit of the Alabama Medicaid Agency concerning the business practice of NSM.

The allegations were investigated by, among others, defendant Gerald Shockley, from the Alabama Attorney General's office, and determined to be meritless. Anthony Green an Investigator with the Alabama Medicaid Agency testified in a deposition that he did not believe plaintiff was a liar and that she exhibited no maliciousness toward defendant. (See Deposition of Anthony Green at 8:15-9:22).

Plaintiff was arrested and prosecuted for making false statements to law enforcement officers. At the trial defendant Special Agent Gerald Shockley, defendant Don Williams, retired special agent Michael Roeder, and plaintiff testified. The state court chose to believe that plaintiff was telling the truth and acquitted her.

Defendant Don Williams was employed as a "technician" at NSM and was the husband of the manager of NSM. (Defendants' brief p. 1)

Retired special agent Michael Roeder apologized to plaintiff after she was acquitted on the charge of filing a false report with a law enforcement agency. He further told plaintiff that defendant Shockley was upset with plaintiff because she did not meet with him for an interview. (Elizabeth Horton's Aff 10.)

Felecia Barrow testified that she was informed by a therapist that they were told not to place dates on the forms submitted by defendant National Seating and Mobility, Inc. (hereafter, "NSM"). (Barrow's Dep. at p. 26:16). Ms. Barrow testified that a wheelchair assessment form which did not have a date was a violation of policy. (Barrow's Dep. at p. 28:6, 8, & 20). By leaving off a date NSM would be able to submit an assessment to the Alabama Medicaid Agency at any time because the agency would not be able to verify when the assessment was actually performed. Therefore the omission of a date was against policy. (Barrow's Dep. at p. 32.1 &p. 33:16). Ms. Barrow admitted that one of plaintiff's complaints was the request by NSM

to place any date on the forms. (Barrow's Dep. at p. 35:6, 13). Ms. Barrow testified that if a date is not properly placed on a delivery ticket the agency does not have any indication when equipment was delivered to a client. (Barrow's Dep. at p. 37: 6). The failure to place a correct date is tantamount to fraud. (Barrow's Dep. at p. 40:17.) Ms. Barrows testified that the information reported by plaintiff regarding posting of dates was the same as the information that she had "witnessed firsthand". (Barrow's Dep. at p. 42:10-13).

Based on what she observed, Ms. Barrow requested an investigation. (Barrow's Dep. at p. 42:14, 17) Ms. Barrows testified that manipulation of dates constitutes fraudulent billing practices. (Barrow's Dep. at p. 44:18 & 45.1). Ms. Barrows testified that she found infractions similar to the report made by plaintiff. (Barrow's Dep. at p. 59:8, 11).

Clifford Johnson deposition was taken on January 30, 2008. Mr. Johnson is the Chief Investigator for the Alabama Medicaid Agency. (Johnson's Dep. at p. 7:2). Mr. Johnson testified that he remembered that Ms. Felicia Barrow had documentation to support "the fact that there were missing dates on the documents from NSM and the missing dates were part of plaintiff's complaint. (Johnson's Dep. at p. 25.9, 13, p.26:5). Mr. Johnson testified to assessment questioned by another person regarding obtaining dates from an employee of NSM is where the fraud occurred. (Johnson's Dep. at p. 30.14, p. 31:1). Mr. Johnson further testified that the assessment and missing dates questioned by another person lined up with the complaint that plaintiff had against NSM. (Johnson's Dep. at p. 36:1, 9). The assessment performed by an individuals vendors other than NSM had dates on them was the same that plaintiff complained of. (Johnson's Dep. at p. 37:1).

In response to the question: "Now, I'm just asking you as an investigator. If you got National Seating & Mobility, know that they need dates, then you have a physical therapist

consistently submitting assessments or prescriptions without dates, then you have your Medicaid employee, Felecia Barrow, receiving information, how can any report that Felecia Barrow gave be fraudulent?" Mr. Johnson answered, It can't be. "( Johnson's Dep. at p. 39:21, p. 40:1).

Anthony Green is a special investigator employed by the Alabama Medicaid Agency. (Green's Dep. p. 5:19, p. 7:9). Mr. Green testified that he has investigated approximately 70 cases involving complaints of fraud of a Medicaid provider, and 50 percent of those cases resulted in charges. (Green's Dep. p.9p. 8:19, p. 9:2). Mr. Green testified that none of the complainants were prosecuted and to the best of his knowledge only plaintiff Horton had been prosecuted. (Green's Dep. p. 9.14, 18). Mr. Green was also assigned to investigate a similar complaint against NSM. (Green's Dep. p. 10:12).

Mr. Green testified that he spoke to Chasley Weeks an ex employer of NSM who informed him that she had information regarding NSM. (Green's Dep. p. 17:15). Mr. Green testified that plaintiff's statement regarding the fraudulent act of NSM were the same as the statement provided to him by Ms. Weeks. (Green, Dep. p. 20:21, 23). Mr. Green testified that he did not think that plaintiff was a liar. (Green's Dep. p. 24:4). Mr. Green testified in response to the question: "You have two complainants. You have Chaseley Weeks, former employee, said something is going on. Then you have Elizabeth Horton, a former employee, saying something was going on. What was your gut feeling? A. My only gut feeling was, is they contacted with a complaint, as do many other people. When I receive a complaint, I assume that the people that are calling believe that their complaint is legitimate; and I look into it from that basis until I prove or disprove. So my gut feeling was, is that they believe that they had something that they should notify us about. I received the information; I looked into it until I was satisfied that there was nothing there." " (Green's Dep. p. 38:17, 16, p.39:1). Mr. Green testified that Ms. Barrow

provided him with example of assessments by NSM that did not contain dates. (Green's Dep. p. 40:17). Mr. Green testified that plaintiff did not express to him any maliciousness toward NSM. (Green's Dep. p. 54:19, 55:1).

*I. ESSENTIAL ELEMENTS:*

a. False reporting under Alabama law

Section 13A-10-9, Code of Alabama 1975 provides that:

"(a) A person commits the crime of false reporting to law enforcement authorities if he **knowingly** makes a false report or causes the transmission of a false report to law enforcement authorities of a crime or relating to a crime. "(emphasis supplied)

In the presence case there was ample evidence before Mr. Shockley that Ms. Horton did not knowingly make a false report or cause the transmission of a false report to law enforcement authorities of a crime or relating to a crime. The facts show that there was no motive. It is undisputed that plaintiff left the employ of the temporary employment service and thus the employ of NSM for a job that paid more money and had better benefits. Also Felecia Barrow testified at deposition that she had observed similar business practice that plaintiff had observed regarding NSM.

*II. MALICIOUS PROSECUTION.*

As stated in Walker v. Briley, 140 F. Supp.2d 1249 (N.D. Ala. 2001), in order to prevail on a claim for malicious prosecution, the Plaintiff must show (1) that the defendant instituted a prior judicial proceeding against the plaintiff, (2) that in instituting the prior proceeding the defendant acted without probable cause and with malice; (3) that the prior proceeding ended in favor of the plaintiff; and (4) that the plaintiff was damaged by the prior proceeding.

As set out above the following is applicable:

1. That proceedings of a judicial nature. The evidence will show that plaintiff arrested and prosecuted for making false statements to law enforcement officers. At the trial defendant Special Agent Gerald Shockley, defendant Don Williams, retired special agent Michael Roeder, and plaintiff testified.

2. That the proceedings were instituted, instigated, or continued against the plaintiff by the defendant. The evidence will show that it is undisputed that Defendant Shockley caused the proceeding to be instituted against plaintiff.

3. That the proceedings were terminated favorably to the plaintiff. The evidence will show that Anthony Green and Clifford Johnson who worked for the same agency as defendant Shockley did not believe that plaintiff had committed a crime.

4. That there was no probable cause for the original proceedings. The evidence will show that Felicia Barrows testified that she found infractions similar to the report made by plaintiff. (Barrow's Dep. at p. 59:8, 11).

5. That the proceedings were commenced with malice. The evidence will show that the plaintiff notified the temporary agency for which she worked that she was leaving for a better job and therefore would not be available to work at NSM. Plaintiff was never informed that her job performance at NSM was unsatisfactory to the extent that it could cause a problem with an agency that regulated NSM. There is no evidence that Plaintiff was fired from NSM.

6. That they caused injury or damage to the plaintiff. The evidence will show that the plaintiff was arrested and incarcerated and despite being acquitted she has to report to perspective employers when asked that she was charged with a crime and this has impacted her in securing a job. There is no legal procedure known to Plaintiff whereby Plaintiff can have her

criminal record expunged. Plaintiff suffers from embarrassment and humiliation as a result of the Defendant wrongful acts against her.

## CONCLUSION

It is clear from the prior sections of this brief, that Plaintiff has produced evidence of sufficient facts to warrant a finding of malicious prosecution. In the present case, it is clear that Plaintiff has alleged enough facts to show that Defendant Shockley did not have probable cause or arguable probable cause to arrest her and prosecute her and that Defendant Shockley acted with the wilfulness and malice necessary to constitute malicious prosecution.

The plaintiff submits this Trial Brief for the assistance of the Court.

Respectfully submitted this the 22nd day of August 2008

DEBORAH M. NICKSON (NIC025)
ATTORNEY FOR APPELLANT
2829 FAIRLANE DR SUITE A-10
MONTGOMERY, AL 36116
334-213-1233
Fax: 334-213-1234
Email: debnicks@bellsouth.net

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CERTIFICATE OF SERVICE

I, Deborah M. Nickson, do hereby certify that a true and correct copy of the foregoing Plaintiff Trial Brief Filed In Compliance With Pre Trial Order has been served on all counsel and parties of record, by mailing a copy of the same in the U.S. Mail, envelope properly addressed and postage prepaid on this 22th day of August, 2008.

/s/ Deborah M. Nickson
Deborah M. Nickson
Attorney for Plaintiff
2820 Fairlane Dr. Ste A-10
Montgomery, AL 36116
334-213-1233

Hon. Charles A. Stewart, III
Bradley, Arant, Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Ste. 780
Montgomery, AL. 36104

Hon. Jack W. Wallace, Jr.
Office of the Attorney General
11 South Union Street
Montgomery, AL. 36130

Hon. Kelly Pate,
Hon. Dorman Walker
Balch & Bingham LLP
P.O. Box 78
Montgomery, AL. 36101

Hon. Quindal C. Evans
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Ave., Suite 780
Montgomery, Al 36104